## LEVY v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.   February 19, 1921.   Rehearing Denied April 16, 1921.)

### No. 2608.

1. **Internal revenue ⊚═45—Officer of corporation making false amended return for income tax subject to penalty.**

   While amended or corrected returns are not expressly provided for in Income Tax Act Sept. 8, 1916, as amended by Act Oct. 3, 1917 (Comp. St. 1918, § 6336a et seq.), such returns are allowed and received, and tax assessments are based thereon, and an officer of a corporation who makes a false return in its behalf, though denominated an amended return, with intent to defeat or evade the assessment required by the act, is subject to the penalty imposed by Act Oct. 3, 1917, § 1004 (Comp. St. 1918, § 5896b).

2. **Perjury ⊚═9(2)—Proof of taking of oath before officer authorized to administer it essential.**

   In a prosecution for perjury under Criminal Code, § 125 (Comp. St. § 10295), proof both that defendant made a false oath and that the person before whom it was taken was an officer authorized to administer it, is essential to conviction.

In Error to the District Court of the United States for the District of New Jersey;  J. Warren Davis, Judge.

Criminal prosecution by the United States against Jacob S. Levy. Judgment of conviction, and defendant brings error.  Affirmed in part.

Jacob Aronson, of New York City, and William B. Gourley, of Paterson, N. J., for plaintiff in error.

Elmer H. Geran, U. S. Atty., of Jersey City, N. J., and Samuel I. Kessler, Asst. U. S. Atty., of Newark, N. J., for the United States.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge.   The Pioneer Overall Company was engaged in the manufacture of overalls.   Jacob S. Levy was its treasurer.   Under circumstances relevant to the issue and properly submitted to the jury, but not necessary to repeat in this review, Levy, in September, 1918, made a return of income and excess profits taxes owing by his corporation for the year 1917.   In form it was a new return; in name an "amended return."   In this corrected or amended return, Levy showed that the amount of the inventory at the end of the tax year was $76,925.39 and the tax due was $595.03.   Internal Revenue officers, after investigating the corporation's accounts, were of opinion that the inventory should have been $122,359.33 and that the tax due was upwards of $24,000.   Levy explained that the item of $76,925.39 in the return was the value of the inventory at cost, that $100,125.39 was the inventory at market value, and that on this basis the tax return was right.   In this situation, clouded by facts indicating intent to evade the tax, Levy was arrested, and on indictment charging different offenses by two counts he was tried, convicted and sentenced.   Thereupon he sued out this writ of error.

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Both in the trial court and in this court Levy insisted that his conviction under either count cannot be sustained, mainly because the offenses which the counts charged relate to an amended return of income and excess profits taxes when, as he urges, no return of that character is known to the law. While amended or corrected income tax returns may not be prescribed by the statute, they are nevertheless allowed and received by the Treasury Department in the administration of the Income Tax Law, and on such returns taxes are assessed by the Commissioner of Internal Revenue. When so assessed, these are the taxes which under the law are charged against and collected from the taxable. That Levy made such a return, by name and in fact, that it contained a material false statement, and that he endeavored thereby to establish his corporation's taxes at less than the correct amount, has been proved by the verdict of the jury.

[2] The offense charged against Levy by the first count was perjury, defined by the Federal statute as a false oath "taken * * * before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered." 35 Stat. L. 1111, § 125 (Comp. St. § 10295). In proof of this count the Government offered in evidence the amended tax return purporting to show that Levy, as treasurer of the corporation, had taken an oath before a Commissioner of Deeds for the State of New Jersey, who, by the indictment, was described, substantially in the words of the statute, as a "person and officer competent and authorized by law to administer an oath." The Government rested without proof either that the oath was taken before the named Commissioner of Deeds or that a Commissioner of Deeds for New Jersey was qualified to administer an oath. The averment that an oath had been administered and the averment of the qualification of the one administering it, were material averments of the count charging perjury. Upon the Government's failure to prove them, Levy's conviction on that count cannot be sustained. United States v. Curtis, 107 U. S. 671, 2 Sup. Ct. 507, 27 L. Ed. 534.

The offense charged by the second count was that Levy willfully and unlawfully attempted to defeat and evade the income and excess profits tax imposed by statute, in violation of the Act of Congress of September 8, 1916, as amended by Act Oct. 3, 1917, 40 Stat. 325, c. 63, § 1004. The material part of the applicable section reads as follows:

"* * * Whoever evades or attempts to evade any tax imposed by this Act * * * shall be subject to a penalty. * * *" Comp. St. 1918, § 5896b.

While falsity in the amended return was an element of the offense, perjury was not involved; the essence of the offense was an act with intent, together amounting to an attempt, to defeat and evade a tax assessment by a false and fraudulent return. This offense embraces an attempt to defeat or evade a tax yet to be assessed as well as an attempt to defeat or evade a tax already assessed. We are of opinion that in the trial on this count the court committed no error in its rulings on evidence and instructions on the law and that the facts are sufficient to sustain the verdict.

The jury returned a verdict of "guilty on every count" and the

court sentenced Levy to "one year in the Passaic County Jail on each count, the sentence to run concurrently." As the sentence was on each count and· as his conviction under the second count is sustained, Levy must serve the sentence on that count. Although the concurrent running of· the sentence on each count takes from him any practical value of our finding that his conviction on the first count cannot be sustained, Levy's sentence under the second count stands and remains valid.

Therefore the judgment of the court below is to this extent affirmed.