Maggie P. **TOOKES**, Appellant,

v.

Laurie W. **TOMLINSON**, Individually and as District Director of Internal Revenue, Appellee.

No. 19634.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1963.

William R. Frazier, Jacksonville, Fla., Hill & Frazier, James P. Hill, Jacksonville, Fla., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Miami, Fla., Michael A. Mulroney and David O. Walter, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

PER CURIAM.

The Commissioner of Internal Revenue sought to protect its claim against the Estate of Bishop H. Y. Tookes, deceased, for income taxes of the decedent by a transferee assessment of something over $100,000 against the appellant, the widow of the deceased. In a suit brought by the holder of a mortgage given by the appellant, the District Director of Internal Revenue intervened. Upon foreclosure sale there was a realization of $2,788.47 in excess of the amount payable to the holder of the mortgage. This amount was paid to the District Director and applied by him upon the transferee assessment. The appellant filed a claim for refund to contest the validity of the

---

transferee assessment. The claim was rejected and suit was brought in the district court. The district court held that the suit could not be maintained for the refund of a partial payment of a tax assessment. The suit was dismissed.

It is here urged by the appellant that the facts here present take the case out of the rule announced in the Flora opinions.[1] We are in agreement with the district court that the Flora rule is applicable and controlling.

The judgment of the district court is Affirmed.

[1]. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165; 362 U.S.

362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, reh. den.