Frank **MISKOVSKY**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 68–152.

United States District Court
W. D. Pennsylvania.

Oct. 8, 1968.

**404**

Robert G. MacAlister, Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for United States.

## OPINION

DUMBAULD, District Judge.

■ Although accountants or economists may find it unsound, Congress for the sake of convenience has established a system of annual determination[1] of tax liability for income and gift taxes. That the gift tax obligation for a particular year constitutes a single, unitary, and indivisible obligation is shown by 26 U.S.C. § 6019.

■ Therefore the unit rule prescribed for income tax liability in Flora v. United States, 362 U.S. 145, 149, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) seems applicable to gift tax liability. This means that the taxpayer must first pay his entire tax liability for a particular year before he may sue for a refund under 28 U.S.C. § 1346(a) (1).

How is the amount of that annual obligation to be ascertained? Apparently the "assessment" determines the amount of liability. Assessment is governed by 26 U.S.C. §§ 6201 and 6202, which empower the Secretary to make the "assessments" or to establish regulations covering the "mode or time for the assessment" if not otherwise provided for. Treasury Regulations, Section 301.6203–1 provides:

> The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record.

In the case at bar plaintiff's return, filed April 11, 1966, showed liability of $23,922.00 of which only $11,961.00 has been paid.[2]

Upon being advised by counsel that part of the "gifts" on which he had thus computed his gift tax were not really gifts but a transfer for *quid pro quo* under a contract which had not been performed, plaintiff on April 17, 1967 filed an amended return for 1965 showing that only $5,796 was due as gift

---

1. There are exceptions, as where a large amount of income received in a single year but earned over a long period of time, may be spread out and not taxed in the year when received. 26 U.S.C. § 1301 et seq. Another illustration of departure from annual computation is the "net operating loss carryback" provision of 26 U.S.C. § 172.

2. This return reflected tax upon gifts of approximately half of his property to plaintiff's favorite niece Rose Anderson and of an equal amount, $90,140.00, to his great-niece Rosemarie Augustine and her husband, who undertook to care for plaintiff, almost 90 years of age, for the rest of his life. However, they subsequently evicted him from their home in Canonsburg, and themselves moved to and still occupy his former home in New Hampsire, part of the property transferred to them.

tax, and claiming a refund of $6,165.00 with interest. Later plaintiff brought suit for this refund. Defendant contends that full payment of the tax as originally computed is, under *Flora*, prerequisite to a suit for refund in a District Court.

The crux of the matter depends upon what effect is to be given to the amended return. Defendant contends, accurately so far as we are informed, that the statutes recognize no such creature as an amended return; that amended returns are tolerated purely as an administrative practice; and that the Treasury is not obliged to change the "assessment" as recorded on its books merely because the taxpayer has filed an amended return.

It is obvious that the Treasury's position results in gross injustice in the case at bar.

It seems clear that if plaintiff had disclaimed liability for any gift tax at all he could have brought suit to recover the amount he had inadvertently paid to the government. If his annual tax were zero, no violence to the principle of unity of yearly reckoning would be done.

But because he honestly admits that part of the property he gave away really was a gift, he is precluded, under the Treasury theory, from seeking refund of gift tax on what was not a gift because that would "split" the unity of his annual unitary obligation.

Possibly the Treasury could deal appropriately with the circumstances when amended returns should be permitted by Regulations under 26 U.S.C. § 6202.

If not, Congress should give attention to the matter. Or perhaps the Supreme Court, in its recent role as redresser general of all wrongs in the body politic,[3] might modify *Flora* where necessary to achieve justice in particular circumstances.

3. See John M. Harlan, "Keeping the Judicial Function in Balance", 49 Am.Bar Assn.J. (1963) 43; Reynolds v. Sims, 377

But this Court feels powerless to aid this nonagenarian plaintiff, the victim of ingratitude akin to that suffered by King Lear.

Perhaps we might cheerfully follow Justice Frankfurter's habit of following "almost blindly" the accepted understanding of tax law when "manifested by long-continued, uniform" administrative practice (362 U.S. at 177, 80 S.Ct. 630), and hold accordingly that the general practice of permitting amended returns has created a rule that such returns *must* be permitted in a situation such as that in the case at bar. But so to hold would really be a conscientious impossibility and amount to thrusting our sickle into an alien field.

We are constrained to adopt the Treasury's legal reasoning and to dismiss the instant cause for lack of jurisdiction under 28 U.S.C. § 1346(a) (1) as expounded in *Flora*.

U.S. 533, 624–625, 84 S.Ct. 1362, 12 L.Ed. 2d 506 (1964).