**Frank MISKOVSKY, Appellant,**

v.

**UNITED STATES of America.**

No. 17577.

United States Court of Appeals
Third Circuit.

Argued April 22, 1969.

Decided Aug. 14, 1969.

Frank Coho, Pittsburgh, Pa. (Robert G. MacAlister, Pittsburgh, Pa., on the brief), for appellant.

Kenneth L. Gross, Atty., Dept. of Justice, Tax Division, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before HASTIE, FREEDMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

In 1965, plaintiff, then nearly 90 years old, transferred property worth $90,410 to his niece, and an equal amount to her daughter and son-in-law. On April 11, 1966, he filed a federal gift tax return in which he listed these transfers as gifts. He claimed the specific annual exemptions as well as his lifetime exemption of $30,000, which reduced the gifts of $180,821 to a balance of taxable gifts of $137,321, on which he calculated a gift tax of $23,922. Accompanying the return was a payment of $11,961 for one-half the tax. No further payment was made.

On May 6, 1966, the District Director of Internal Revenue entered an assessment for the total tax liability of $23,922, gave credit for the amount paid and showed an unpaid liability for the balance of $11,961.

The question is whether plaintiff had power to alter this commonplace situation by filing on April 17, 1967 what he designated as an amended gift tax return for 1965. Therein he asserted that he had been advised that the transfers to his grandniece and her husband were not gifts because he had made them in consideration of their promise to support him. The amended return eliminated these transfers and consequently showed a gift tax liability of only $5,796. At the same time plaintiff filed a claim for a refund of $6,165, the difference between the partial tax payment originally made and the amount of the reduced tax liability under the amended return.

More than six months later, no action having been taken by the District Di-

rector on the amended return,[1] plaintiff brought the present action for refund against the United States in the district court. The government moved to dismiss, and the district court, after receiving affidavits which converted the motion to one for summary judgment (see Rule 12(c) of the Federal Rules of Civil Procedure), granted the motion and dismissed the action for want of jurisdiction. 290 F.Supp. 403 (W.D.Pa.1968).

An insuperable obstacle to plaintiff's claim for refund is his failure to pay the full gift tax of $23,922 reported on his original return and which the certificate of assessment filed in the district court shows was assessed on May 6, 1966.[2] Plaintiff had no power to alter the government's assessment by filing an amended return almost a year later in which he undertook to reduce the tax to less than the partial payment he had made.

There is no statutory provision for amended returns of either income or gift taxes. While the Treasury has administratively permitted their use and has promulgated a form of amended return for income tax,[3] it has not provided a form of amended gift tax return. Plaintiff used an original gift tax return form (Form 709), which he simply labeled as an "amended" return. The treatment of amended returns is "a matter of internal administration in the Bureau of Internal Revenue, solely within the discretion of the Commissioner. * * * That discretion will be upset only upon a showing that it has been abused." Schall & Co. v. United States, 129 F.Supp. 137, 141 (S.D.N.Y.1954).[4]

1. See Internal Revenue Code of 1954, § 6532.

2. Section 6201 of the Internal Revenue Code of 1954 provides:
   "*Assessment Authority.*
   (a) *Authority of Secretary or Delegate.*—The Secretary or his delegate is authorized and required to make the * * * assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title * * *. Such authority shall extend to and include the following:
   "(1) *Taxes shown on return.*—The Secretary or his delegate shall assess all taxes determined by the taxpayer or by the Secretary or his delegate as to which returns or lists are made under this title."
   * * * * *
   Section 6203 of the Code provides:
   "*Method of Assessment.*
   The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary or his delegate in accordance with rules or regulations prescribed by the Secretary or his delegate. Upon request of the taxpayer, the Secretary or his delegate shall furnish the taxpayer a copy of the record of the assessment."
   * * * * *
   The Treasury Regulations provide in § 301.6203–4:
   "*Method of Assessment.*
   The district director and the director of the regional service center shall appoint one or more assessment officers. * * * The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. *The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown*, and in all other cases the amount of the assessment shall be the amount shown on the supporting list of record. The date of the assessment is the date the summary record is signed by an assessment officer. * * *" (emphasis added)

3. Form 1040X (Amended U.S. Individual Income Tax Return) CCH Stand.Fed. Tax Rep. ¶ 5008.0175.

4. See also, Bookwalter v. Mayer, 345 F.2d 476, 480 (8 Cir. 1965); Klinghamer v. Broderick, 242 F.2d 563, 564 (10 Cir. 1957); Keeler v. Commissioner, 180 F.2d 707, 710 (10 Cir. 1950); Richardson v. Commissioner of Internal Revenue, 126 F.2d 562, 569–570 (2 Cir. 1947); C. H. Mead Coal Co. v. Commissioner of Internal Revenue, 106 F.2d 388, 391–392 (4 Cir. 1939); Morrow, Becker & Ewing, Inc. v. Commissioner of Internal Revenue, 57 F.2d 1, 2–3 (5 Cir. 1932); Levy v. United States, 271 F. 942, 943 (3 Cir. 1921); Wilson v. United States, 267 F. Supp. 89, 90–91 (E.D.Mo.1967); Arch-

We were informed at bar that in cases such as this, where an amended tax return is not accepted as such, the government may treat it as an informal claim for refund.[5] The absence of any action on the amended return within six months is an indication that on administrative review it was not deemed meritorious as a claim for refund. This treatment of amended returns recognizes that it would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return.

The assessment of $23,922 and the unpaid balance of $11,961 in gift tax, therefore, stand unaltered by plaintiff's filing of an "amended" return. In these circumstances Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), has full application. There the Court construed the original jurisdiction of the district courts under 28 U.S.C. § 1346(a) (1) to entertain claims for refund as conditional upon the payment of the full amount assessed.[6] Plaintiff cannot escape this requirement or the effect of the assessment by his subsequent effort to alter by amendment the return he had filed.

We do not, of course, decide the merits of plaintiff's claim that the transfers to his grandniece and her husband actually were in consideration of their promise to support him and which he claims they breached in circumstances which, if true, would justify the district judge's description that he was "the victim of ingratitude akin to that suffered by King Lear." This we understand is the subject of litigation in the state courts. Our concern here is with the jurisdictional authority of the district court to entertain a claim for refund. The facts which plaintiff has presented are strongly appealing but they cannot justify a disregard of the jurisdictional requirement that a claim for refund may be entertained only if the amount of the assessment is fully paid.

The judgment of the district court therefore will be affirmed.

---

bold v. United States, 201 F.Supp. 329, 332 (D.N.J.1962) ; aff'd per curiam, 311 F.2d 228 (3 Cir. 1963) ; Stewart v. United States, 100 F.Supp. 221, 229 (D. Neb.1951) ; Milford Trust Co. v. United States, 63 F.Supp. 618, 622 (D.Conn. 1945).

5. See Rev.Rul. 57–501, 1957–2 Cum.Bull. 849; Treasury Regulation § 301.6402–3.

6. See also Kisting v. Sauber, 325 F.2d 316 (7 Cir. 1963) ; Tookes v. Tomlinson, 312 F.2d 398, 399 (5 Cir. 1963) ; Amundson v. United States, 279 F.Supp. 779 (S.D. N.Y.1967).