LION ASSOCIATES, INC.

v.

UNITED STATES of America.

Civ. A. No. 80–2236.

United States District Court,
E. D. Pennsylvania.

June 1, 1981.

Paul S. Bachow, Jay S. Ruder, Philadelphia, Pa., for plaintiff.

Thomas M. Lawler, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## OPINION

LUONGO, District Judge.

This is an action by a corporate taxpayer for a refund of federal income taxes pursuant to 26 U.S.C. § 7422. The material facts are not in dispute, and the taxpayer and the government have filed cross-motions for partial summary judgment.

Plaintiff Lion Associates, Inc. (Lion) was incorporated in 1972, at which time it became the parent and sole stockholder of two subsidiary corporations, Masonry Resurfacing and Construction Co. of Virginia, Inc. (Masonry-Virginia), and Masonry Resurfacing and Construction Co. of Maryland (Masonry-Maryland). Because the subsidiaries were engaged in a high risk construction business, Lion was formed to assume the assets of the subsidiaries in order to place them beyond the reach of potential creditors of the subsidiaries. This was accomplished by distributing the assets of Masonry-Virginia and Masonry-Maryland to Lion in the form of dividends.

Lion and its subsidiaries filed separate income tax returns for the tax years 1972, 1973, and 1974. Lion reported the dividends paid to it by the subsidiaries, and then claimed a tax deduction for these payments, purportedly under § 243(a)(3) of the Internal Revenue Code. Lion's tax returns for these years were audited by the Internal Revenue Service, which concluded that Lion was a personal holding company as defined by §§ 542 and 543 of the Code, with the result that it was liable for the personal holding company tax, § 541. Because of the imposition of the holding company tax, Lion's tax liability for these years increased by $106,031.95.

After the audit, Lion learned from further research that it might have been able to avoid the additional tax liability resulting from the personal holding company tax if it had filed consolidated returns with its two subsidiaries pursuant to § 1501 of the Internal Revenue Code.[1] Lion paid the additional tax assessed against it, but applied to the IRS under Treasury Regulation 1.1502–75(b)(3) to be treated as if it had filed consolidated returns for the years at issue, and filed refund claims with the Service. The IRS refused Lion's application for consolidated treatment of its returns, and Lion then filed this action. The sole issue presented by the instant motions for summary judgment is whether Lion is entitled to consolidated treatment of its returns.[2]

Section 1502 of the Code gives the Secretary of the Treasury or his delegate authority to prescribe regulations governing the filing of consolidated tax returns, and § 1501 requires that consolidated returns be filed in accordance with the regulations promulgated by the Secretary. Treasury Regulation 1.1502–75(a)(1) provides that an affiliated group may file a consolidated return in lieu of separate returns for the taxable year, provided that each corporation joining the consolidated return consents. The regulation further provides:

> If a group wishes to exercise its privilege of filing a consolidated return, such consolidated return must be filed not later than the last day prescribed by law (including extensions of time) for the filing of the common parent's return.

Here, it is undisputed that Lion did not file timely consolidated returns for the

---

1. Lion contends that it would be entitled to a substantial tax refund. The IRS contends that the effect of consolidated treatment is uncertain, because Masonry-Virginia had a different tax year than Lion and Masonry-Maryland, and its tax liability must be re-computed before its return can be consolidated.

2. If this court rules that Lion is not entitled to consolidated treatment of its returns, Lion advances an alternative argument that it is entitled to an interest deduction for interest due from it to Masonry-Maryland on account of an inter-company loan. That issue is not addressed by these motions.

tax years in question; instead, the corporations filed separately, and it was not until three years later, after the IRS audit, that Lion or the members of its group attempted to file a consolidated return. Lion contends that its returns should be given consolidated treatment because its failure timely to file consolidated returns was the result of mistake or inadvertence. Lion relies upon Treasury Regulation 1.1502–75(b)(3), which provides:

> *Failure to consent due to mistake.* If any member has failed to join in the making of a consolidated return under either subparagraph (1) or (2) of this paragraph, then the tax liability of each member of the group shall be determined on the basis of separate returns unless the common parent corporation establishes to the satisfaction of the Commissioner that the failure of such member to join in the making of the consolidated return was due to a mistake of law or fact, or to inadvertence. In such case, such member shall be treated as if it had filed a Form 1122 for such year for the purposes of paragraph (h)(2) of this section, and thus joined in the making of the consolidated return for such year.

In Revenue Ruling 76–393, 1976–2 C.B. 255, the IRS addressed the applicability of this regulation to the situation where a parent corporation failed to file a timely consolidated return. The IRS ruled that § 1.1502–75(b)(3) does not provide relief where the parent corporation has failed to file a consolidated return, because it was only intended to offer relief to a subsidiary which failed to join an existing group. Lion points out that a "member" of a group is defined elsewhere in the regulations as any corporation, including the parent corporation of the group, § 1.1502–1(b). Therefore, it argues, Revenue Ruling 76–393, in excluding the parent from the scope of § 1.1502–75(b)(3), is plainly inconsistent with the definition set forth in the regulations, in which case the regulations, and not

the Revenue Ruling, are controlling. *See Lang v. Commissioner,* 613 F.2d 770, 776 (9th Cir. 1980).

The flaw in Lion's position is that the regulation upon which Lion relies plainly presupposes that at least one corporation has filed a consolidated return, and it does not address the instant situation, where there was no indication of an intention to file as a group. The regulation specifically allows a corporation "to join" in the consolidated return, obviously contemplating a situation where the corporations planned to file as a group, and at least one did so, but one or more of them mistakenly failed to file on a consolidated basis. Here, in contrast, none of the members of the group filed a consolidated return. This was so because there was no intention to create a group when the returns were filed. Lion would have me interpret § 1.1502–75(b)(3) as providing relief where there was a failure to *create* a corporate group, when the regulation clearly has a narrower purpose of providing relief where the parties set out to create a group, but because of a mistake failed to complete it.[3] Accordingly, I reject Lion's contention that it is entitled to relief under Treasury Regulation 1.1502–75(b)(3).

Lion further contends that it is entitled to equitable relief allowing it to correct its failure to file timely consolidated returns by now filing amended returns. There is no statutory authorization for the filing of an amended return, although the IRS has, "as a matter of internal administration," accepted amended returns under certain circumstances. *Koch v. Alexander,* 561 F.2d 1115, 1117 (4th Cir. 1977); *Miskovsky v. United States,* 414 F.2d 954, 955 (3d Cir. 1969). In this circuit, a refusal by the IRS to accept an amended return will be upset only upon a showing that the refusal amounted to an abuse of discretion. *Id.* Judicial scrutiny is limited because of the consequences which would follow if taxpayers were permitted frequent amendments:

---

3. If one of the subsidiaries had filed a consolidated return, and Lion inadvertently failed to do so, there might be some merit in its argument that under the definition of "member" set

forth in the regulations it is entitled to relief under § 1.1502–75(b)(3). As noted above, that issue is not presented by this case.

This treatment of amended returns recognizes that it would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return.

414 F.2d at 956.

In *Miskovsky*, the Court of Appeals held that a taxpayer would not be permitted, after the time for filing had run, to amend a gift tax return to show that part of a purported gift was in fact consideration for a promise of support, and therefore not subject to taxation.

In *J. E. Riley Co. v. Commissioner of Internal Revenue*, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940), the Supreme Court cautioned the courts against allowing widespread resort to amended returns. In *Riley*, a gold miner in Alaska, because of poor mail delivery, was unaware when he filed his tax return that Congress had amended the Internal Revenue Code to allow for percentage depletion. After the time for filing had run, he submitted an amended return for the tax year at issue, which was rejected by the IRS. The Court held that he was not entitled to have the amended return accepted, noting that even though the time limitations for filing in the Code and in the regulations produced a harsh result, extension of time limitations for filing is a matter for legislative, rather than judicial action. 311 U.S. at 58–59, 61 S.Ct. at 96–97.

Here, Congress gave the Secretary of the Treasury the power to prescribe the conditions under which consolidated returns could be filed, and the regulations are unambiguous in stating that consolidated returns must be filed within the time allowed for filing the parent's return. The fact that Lion was unaware of the option of consolidated treatment, or was unaware of the benefits to be derived therefrom as a means of avoiding the penalty of the personal holding company tax, is not a basis for allowing it now to amend its returns.

The most that can be said is that Lion was a victim of questionable tax advice, and I have no reason to conclude that the IRS abused its discretion in refusing to allow amendment of the returns several years after the time for filing had run.

The motion of the United States for partial summary judgment will be granted.