Michael A. BEARD, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV–1–85–28.

United States District Court, E.D. Tennessee, S.D.

Jan. 6, 1986.

---

Michael A. Beard, pro se.

John W. Gill, U.S. Atty., by Paul M. Predmore, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

EDGAR, District Judge.

This matter is presently before the Court on defendant's motion for reconsideration of the Court's order of August 21, 1985, denying in part the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, on September 17, 1985, ordered the parties to prepare briefs addressing the issues of whether it is an abuse of discretion on the part of the Commissioner of the Internal Revenue to accept amended returns, Forms 1040X, which are frivolous, and whether 26 U.S.C. § 6702 is applicable to amended returns, Forms 1040X.

The Court initially notes that these matters are questions of law and do not require an evidentiary hearing or factual findings. Furthermore, if the Court should decide these issues in favor of the United States, any remaining questions as to whether the documents fall under the purview of 26 U.S.C. § 6702 are also questions of law to be decided by the Court. *Holker v. United States*, 737 F.2d 751, 752 (8th Cir.1984).

The Court must first decide whether 26 U.S.C. § 6702 can reasonably be read to apply to amended returns otherwise known as Forms 1040X. Section 6702 states that a civil penalty will be assessed against an individual who files "what purports to be a return of the tax imposed" and which:

\*  \*  \*  \*  \*  \*

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) The conduct referred to ... is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws....

■ A court will look at the stated purpose, or a purpose obvious from a document, to determine whether a document is a "purported return." The stated purpose that one seeks to obtain a refund will result in the document submitted being deemed a purported return. *See Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984); *Nichols v. United States*, 575 F.Supp. 320,

322 (D.Minn.1983).[1] Thus, an amended return can fall within the confines of § 6702.[2]

■ The Form 1040X filed here by the plaintiff, if it is treated as a purported return, is clearly frivolous and subject to the imposition of a penalty. The information contained on its face indicates that the self-assessment is substantially incorrect since the plaintiff's claim is that wages are not income. This position has been rejected by every court in which the issue has arisen. *See, e.g., Perkins v. Commissioner,* 746 F.2d 1187, 1188 (6th Cir.1984); *Simanonok v. Commissioner,* 731 F.2d 743, 744 (11th Cir.1984); *Parker v. Commissioner,* 724 F.2d 469, 471 (5th Cir.1984). The contention that an individual receives no taxable gain from the exchange of labor for money is meritless. *Davis,* 742 F.2d at 172. The position that the plaintiff has taken, therefore, is clearly frivolous since it has been rejected by every court considering the issue, including the Sixth Circuit. *See Perkins,* 746 F.2d at 1188–89. Therefore, if § 6702 is found applicable to amended returns, Form 1040X, then the plaintiff was properly assessed a penalty by the Internal Revenue Service.

The Court recognizes that the IRS is permitted to treat amended returns as informal requests for refund. *Koch,* 561 F.2d at 1117 n. 5.[3] A return must be filed in order for an individual to obtain a refund. 26 C.F.R. § 301.6402–3(a)(1). Thus, an individual seeking a refund of his taxes typically is considered as having filed a return for purposes of § 6702. *Lovell,* 755 F.2d at 519; *Nichols,* 575 F.Supp. at 322. Furthermore, the statute does clearly state that the penalty is assessable for the filing for "what purports to be a return," even if the document is not necessarily "the" or "a" tax return. Thus, in this instance, the taxpayer sought a refund by means of substituting the Form 1040X for the Form 1040 previously filed. He attempted to file a new return. Therefore, the Court holds as a matter of law that the taxpayer filed what purported to be a return and the penalty was assessed properly. The Court finds no basis for holding that the Commissioner abused his discretion since the statute only requires a taxpayer to file a purported return and does not necessitate a formal acceptance of the return by the Commissioner. The defendant's motion to dismiss will be GRANTED.

■ Plaintiff also requests a release of an overpayment of taxes in the amount of $833.00 for the tax year 1984. Since there is no evidence in the file that the plaintiff has made a formal request to the Commissioner for a refund of this amount, the Court cannot order that a refund be granted. 26 U.S.C. § 7422(a).

An appropriate order will enter.

---

1. A written disclaimer by a taxpayer that a return is not a tax return for purposes of the Internal Revenue Code will not control where the taxpayer's purpose is obvious or clearly stated. *See Davis v. United States Government,* 742 F.2d 171, 173 (5th Cir.1984).

2. It is worth noting, however, that the nature of an amended return makes it a somewhat different creature than the normal tax return filed by a taxpayer. As the Fourth Circuit stated: "There is simply no statutory provision authorizing the filing of amended tax returns, and while the IRS has, as a matter of internal administration, recognized and accepted such returns for limited purposes, their treatment has not been elevated beyond a matter of internal agency discretion." *Koch v. Alexander,* 561 F.2d 1115, 1117 (4th Cir.1977). On the other hand, taxpayers are not free to simply substitute a new return because of some whim. The Third Circuit recognized this in stating: "The absence of any action on the amended return within six months is an indication that in administrative review it was not deemed meritorious.... This treatment of amended returns recognizes that it would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return." *Miskovsky v. United States,* 414 F.2d 954, 956 (3d Cir. 1969).

3. An item classified as a request for refund must be sufficient to put the IRS on notice and, therefore, trigger the administrative review of the refund request. If this does not occur, a court will not have subject matter jurisdiction in a refund action, *see Knox v. United States,* 85–2 U.S.T.C. ¶ 9472 (E.D.Tenn.1985), and the document will be thought insufficient to be a return. *See, generally, United States v. Mosel,* 738 F.2d 157, 158 (6th Cir.1984).