United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2005

Charles R. Fulbruge III
Clerk

I n the
# United States Court of Appeals
## for the Fifth Circuit

‒‒‒‒‒‒‒‒‒‒

m 04-60507
Summary Calendar

‒‒‒‒‒‒‒‒‒‒

GARY LEE COLVIN,

Petitioner-Appellant,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondent Appellee.

‒‒‒‒‒‒‒‒‒‒

Appeal from the United States Tax Court
m 11412-01

‒‒‒‒‒‒‒‒‒‒

Before DAVIS, SMITH and
DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioner Gary Lee Colvin appeals a decision of the United States Tax Court, which upheld the Internal Revenue Service's findings of deficiencies in the tax reported on certain of his returns. Finding no error, we affirm.

I.

Colvin lived in a condominium development during the tax years in question. It had 128 units were grouped into two "phases." Colvin

resided in Phase I.

Colvin perceived irregularities in the homeowners association's adoption of a new governing document that he believed favored Phase II owners over Phase I owners. He claimed that when he approached the association's board of directors to address his grievances, he was refused an opportunity to speak and was harassed and threatened, and the board refused to hand over any financial information related to the maintenance of Phase II. Consequently, he filed several lawsuits against the association, for which he incurred legal expenses in 1997 and 1998.

Colvin's first lawsuit alleged fraud, suppression of facts, negligent misrepresentation, libel, slander, abuse of process, and civil rights abuses. He ultimately voluntarily dismissed that suit and filed another against the association seeking specific performance regarding maintenance and repairs, declaratory relief as to the validity of the covenants, conditions and restrictions, and an injunction to restrain the association from making certain water and sewage charges. The trial court denied his claim for specific performance but ruled in his favor with regard to finding certain of the association's covenants, conditions, and restrictions invalid.

Colvin is employed as a network engineer and reported wages on his tax returns from his employment with Daou Systems in 1997 and Network Computing Device Inc. in 1997 and 1998. He also attached to his tax returns for those years Schedules C, Profit or Loss from Business, for "Colvin Business Services II." The Schedules C reported losses for both years (with zero gross receipts for 1998) and deductions for legal and professional service expenses, including expenses related to the litigation described above.

Some of the legal expenses Colvin deducted related to the litigation against the association, and others related to a suit in which he sought to recover wages from a former employer. Colvin's mother, in preparing his returns, tried to allocate the various legal expenses to the suit against the employer and the litigation against the association. But, because the billing records from the attorney did not adequately describe the services performed, she was unable to allocate the expenses.

On June 21, 2001, the Commissioner sent Colvin a notice of deficiency stating that he owed $1,918 for the 1997 tax year and $1,072 for the 1998 tax year. According to the notice, Colvin was not entitled to deduct any legal expenses in 1997 or $6,435 of the claimed legal expenses in 1998, because he had failed to establish that he had incurred those expenses for ordinary and necessary business purposes.

In July 2001, Colvin mailed amended returns for the tax years in question and a check for $64. The Commissioner considered the submission to be an offer in compromise and refused to accept it. Colvin filed a petition in the Tax Court seeking redetermination of the deficiencies and challenging the Commissioner's refusal to accept his amended returns. The court rejected all of Colvin's claims and affirmed the deficiencies.

II.

Colvin argues that the Commissioner abused his discretion in not accepting the amended return. We disagree, because although the Commissioner has administratively permitted their use, the filing of amended returns is not a matter of right; there is no

statutory provision expressly authorizing them to be filed.[1] The acceptance of amended returns is a matter of the Commissioner's discretion.[2] Moreover, even if the Commissioner had a legal duty to accept the amended return, it would have no impact on the deficiencies upheld by the Tax Court, because they were issued before Colvin attempted to submit his amended return, and amended returns do not vitiate deficiencies that have already been issued.[3]

---

[1] *Baradacco v. Commissioner*, 464 U.S. 386, 393 (1984) ("[T]he Internal Revenue Code does not explicitly provide either for a taxpayer's filing, or for the Commissioner's acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace."); *Evans Cooperage Co. v. United States*, 712 F.2d 199, 204 (5th Cir. 1983) ("Neither the Internal Revenue Code nor the Treasury Regulations make any provision for the acceptance of an amended return in place of the original return previously filed.").

[2] *Hillsboro Nat'l Bank v. Commissioner*, 460 U.S. 370, 380 n.10 (1983) (stating that acceptance of amended returns is "within the discretion of the Commissioner"); *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003) ("The IRS has discretion to accept or reject an amended return."); *Dover Corp. & Subsidiaries v. Commissioner*, 148 F.3d 70, 72-73 (2d Cir. 1998) ("There is simply no statutory provision authorizing the filing of amended tax returns, and while the IRS has, as a matter of internal administration, recognized and accepted such returns for limited purposes, their treatment has not been elevated beyond a matter of internal discretion.") (internal citations omitted).

[3] *See Koch v. Alexander*, 561 F.2d 1115, 1117 (4th Cir. 1977); *McCabe v. Commissioner*, 46 T.C.M. (CCH) 390, 391 (1983) (stating that the filing of "[a]n amended return does not . . . change (continued...)

## III.

Colvin challenges the Tax Court's finding that the legal expenses he incurred in his litigation against the homeowners association were not deductible under Internal Revenue Code § 212, which provides:

> In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable yearSS
>
> (1) for the production or collection of income;
>
> (2) for the management, conservation or maintenance of property held for the production of income; or
>
> (3) in connection with the determination, collection or refund of any tax.

A taxpayer may not, under § 212, deduct legal fees that are personal expenses. I.R.C. § 262(a).[4] Under *United States v. Gilmore*, 372 U.S. 39, 49 (1963), we look to the origin of the claim to determine whether the purpose

---

[3](...continued) an assessment that has been made or vitiate a notice of deficiency on which the jurisdiction of [the Tax] Court is based."); *Miskovsky v. United States*, 414 F.2d 954, 956 (3d Cir. 1969) ("[I]t would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return.")

[4] According to § 262(a), "[e]xcept as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses."

of litigation expenses was personal or for profit.[5]  We review the Tax Court's determination of the question of profit motive for clear error.[6]

As noted by the Tax Court, Colvin is plainly incorrect in asserting that his legal expenses in suing the association are deductible under § 212 based on the fact that the *consequence* of a successful suit would be the production of taxable income or would assist in determining his tax liability—such a proposition was outrightly rejected in *Gilmore*.[7]  The Tax Court did not commit clear error in determining that the origin of the lawsuit against the association was personal in nature, given that it was Colvin's primary residence and that his *stated* purpose behind the first lawsuit was "to stop the harassment."  Moreover, there was substantial evidence in the record indicating that the motivation for the suit was his anger over the failure of the association properly to manage, conserve, and maintain the condominium property that he used for his personal residence, expenses that the regulations relating to § 212 explicitly reference as being non-deductible.

## IV.

Colvin asserts that the Commissioner improperly denied him deductions for legal costs that he assumed in lawsuits against Daou Systems for unpaid wages.  As noted below, however, Colvin did not adequately address the nature or amount of these expenses to the Tax Court; although the Commissioner's written submissions contended that these deductions were in fact allowed—albeit converted from Schedule C to Schedule A deductions—Colvin's submissions before the Tax Court only addressed the issue of his lawsuits against the homeowners association.[8]  It may be that Colvin was entitled to deduct the legal expenses he incurred in his lawsuit against Daou Systems, but we decline to evaluate the veracity of this claim, because the issue was not adequately raised and presented in the Tax Court.[9]

---

[5] "[T]he origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test . . . ." *Gilmore*, 372 U.S. at 49.  *See also Srivastava v. Commissioner*, 220 F.3d 353, 357 (5th Cir. 2000).

[6] *Ogden v. Commissioner*, 244 F.3d 970, 971 (5th Cir. 2001) ("We review for clear error the tax court's profit motive inquiry.") (internal citations omitted).

[7] *See Gilmore*, 372 U.S. at 48 ("The principle we derive . . . is that the characterization, as 'business' or 'personal,' of the litigation costs of resisting a claim depends on whether or not the claim *arises in connection with* the taxpayer's profit-seeking activities.  It does not depend on the *consequences* that might result . . . .") (emphasis added).

[8] As stated by the Tax Court, "Although petitioner might be entitled to deduct legal expenses incurred in connection with his former employment, he has identified neither the amount nor the nature of those expenditures."  Colvin claims that he did raise the issue in a brief that is not available in the record on appeal, but the language he quotes merely states that such legal expenses were incurred and summarily concludes that they should be deductible, without indicating their nature or amount.  By contrast, the Commissioner's submissions, included in the record, specifically indicate that $1,217 and $1,787 were allowed as deductions for legal expenses in the lawsuit against Daou Systems in tax years 1997 and 1998, respectively.

[9] *See, e.g., Nissho-Iwai Am. Corp v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1998); *Little v. Liquid*
(continued...)

4

AFFIRMED.

[9](...continued)
*Air Corp.,* 37 F.3d 1069, 1071 n. 1 (5th Cir. 1994)
(en banc).