T.C. Memo. 2010-265

UNITED STATES TAX COURT

EMMANUEL OWENS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6933-09.                    Filed December 7, 2010.

　　　　R determined a deficiency in P's income tax for the
2006 tax year based on P's failure to substantiate a
deduction claimed on Form 1040, U.S. Individual Income Tax
Return, Schedule A, Itemized Deductions.

　　　　<u>Held</u>:　P is liable for the deficiency.

Emmanuel Owens, pro se.

<u>Tracey B. Leibowitz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an income tax deficiency that respondent determined for petitioner's 2006 tax year.  First we address whether his amended return affects the outcome of the case.  Then we decide whether petitioner substantiated a deduction claimed on Schedule A, Itemized Deductions.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and the accompanying exhibits are hereby incorporated by reference into our findings.  At the time he filed his petition, petitioner resided in Florida.

In 2006 petitioner was employed by Miami-Dade County as a full-time corrections officer and reported $63,247 of wage income on his Form 1040, U.S. Individual Income Tax Return.  Petitioner claimed an itemized deduction of $22,921 for job-related expenses on line 26 of his Schedule A.  Respondent disallowed this claimed deduction in the notice of deficiency issued on January 5, 2009, in which respondent determined an income tax deficiency of $3,595 arising solely from this adjustment.  Petitioner filed a timely petition with this Court on March 19, 2009, contesting the deduction disallowance and denying liability for the deficiency.  A trial was held on January 11, 2010, in Miami, Florida.

To support his claimed Schedule A deduction, petitioner filed, as an attachment to his Form 1040, Form 2106, Employee Business Expenses. On the Form 2106 he listed his occupation as "Correction Officer". He categorized the components of the deduction as follows: $6,453 for vehicle expense; $1,144 for parking fees, tolls, and transportation, including train, bus, etc.; $4,820 for travel expense while away from home overnight; and $10,195 of business expenses not included in the previous amounts.

At trial petitioner introduced a copy of Form 1040X, Amended U.S. Individual Income Tax Return, for the 2006 tax year recharacterizing portions of his Schedule A deduction as deductions claimed on Schedule C, Profit or Loss From Business, incurred in a new, different business. Petitioner introduced a number of exhibits relating to this new business. We will therefore address the amended return first and then the original return.

OPINION

I. Burden of Proof

The Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering,

290 U.S. 111, 115 (1933).[1]  However, pursuant to section

7491(a)(1), the burden of proof on factual issues that affect the

taxpayer's tax liability may be shifted to the Commissioner where

the "taxpayer introduces credible evidence with respect to * * *

such issue."  The burden will shift only if the taxpayer has,

inter alia, complied with substantiation requirements pursuant to

the Code and "maintained all records required under this title

and has cooperated with reasonable requests by the Secretary for

witnesses, information, documents, meetings, and interviews".

Sec. 7491(a)(2).  Petitioner did not contend that the burden

should shift, and he failed to introduce credible evidence,

maintain required records, or comply with the substantiation

requirements.  Accordingly, the burden of proof remains on

petitioner.

II.  Amended Return

Although petitioner signed his original tax return under

penalty of perjury, at trial he introduced a copy of Form 1040X

with entirely different sources for his claimed expenses.  He

explained that while his original return was under audit, his

accountant decided that the return should have been filed

differently and prepared an amended return.  It appears that the

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

amended return was prepared on September 4, 2009, well after the notice of deficiency was issued on January 5, 2009, and was not signed by petitioner until the date of the trial, January 11, 2010.

We note that the "'treatment of amended returns is a matter of internal administration, and solely within the discretion of the Commissioner.'" Evans Cooperage Co. v. United States, 712 F.2d 199, 204 (5th Cir. 1983) (quoting Badaracco v. Commissioner, 693 F.2d 298, 301 n.5 (3d Cir. 1982), revg. T.C. Memo. 1981-404). Respondent never indicated that he would accept or had accepted the amended tax return.

We decide petitioner's case on the basis of the trial record and his original tax return.[2]  See Colvin v. Commissioner, 122 Fed. Appx. 788, 790 (5th Cir. 2005) ("even if the Commissioner had a legal duty to accept the amended return, it would have no impact on the deficiencies upheld by the Tax Court, because they were issued before * * * [the taxpayer] attempted to submit his amended return, and amended returns do not vitiate deficiencies that have already been issued."), affg. T.C. Memo. 2004-67. Further, "the Internal Revenue Code does not explicitly provide

[2]We note that even if petitioner's amended return had been an attempt on his part to abandon the itemized deductions and substitute a claim for Schedule C deductions, it did "not relieve * * * [petitioner] of the burden of establishing the deductible nature and amount of the items in dispute." Outerbridge v. Commissioner, T.C. Memo. 2009-173, affd. without published opinion 106 AFTR 2d 2010-5629, 2010-2 USTC par. 50,547 (4th Cir. 2010).

either for a taxpayer's filing, or for the Commissioner's acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace." Badaracco v. Commissioner, 464 U.S. 386, 393 (1984).

III. Expense Deductions

A.   General Rules

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001 (the taxpayer "shall keep such records"); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers must maintain records relating to their income and expenses and must prove their entitlement to all claimed deductions, credits, and expenses in controversy. See sec. 6001.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). Any amount claimed as a business expense must be substantiated. Sec. 6001;

Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 821 (5th Cir. 1976). The taxpayer bears the burden of proving that the claimed expenses were ordinary and necessary, as required by section 162. Rule 142(a); Welch v. Helvering, supra; sec. 1.6001-1(a), Income Tax Regs.

If a taxpayer claims a business expense, the Court may allow a deduction even where the taxpayer is unable to fully substantiate the expense, provided the Court has an evidentiary basis for doing so. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). But see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In such an instance, the Court is permitted to approximate the allowable expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. The record must contain sufficient evidence to provide a basis upon which the estimate may be made and to permit us to conclude that those expenses were deductible expenses, rather than nondeductible personal expenses. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, supra at 742-743.

In certain circumstances, the taxpayer must meet specific substantiation requirements in addition to those of section 162, which are not subject to the Cohan doctrine. See, e.g., sec. 274. To satisfy the adequate records requirement of section 274,

a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

B. Schedule A Deduction

This Court has long followed the maxim that "every person who works for compensation is engaged in the business of earning his pay". Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60. Therefore, petitioner may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year" in earning his pay, provided that he meets the substantiation requirements discussed above. See secs. 162(a), 274.

Petitioner did not present any evidence to substantiate the claimed Schedule A deduction. Instead, despite having signed and sworn to the original return under penalty of perjury, he chose, during his testimony at trial, to focus exclusively on the business expense deductions claimed on his amended return and

paid no attention to his original return.  We note that most components of petitioner's listed Schedule A deduction are subject to the heightened substantiation requirements of section 274.  However, as petitioner did not attempt to substantiate the expenses at all, he failed to meet his burden of substantiation, and consequently none of the claimed $22,921 Schedule A deduction is allowable.

C.   Startup Expenditures

We note that even if we considered the claims in the amended return, the result would be no different.  Petitioner failed to establish that his claimed real estate investment business was in fact an ongoing business for profit as required by section 162(a).[3]  At trial petitioner explained that he was in the process of establishing a business and that it was in its startup phase during the tax year at issue.  Petitioner failed to explain the business and never discussed how the receipts for alleged deductible expenditures, contained in the exhibits, were related to a business purpose.

---

[3]Petitioner also indicated he had a management business that ran several entities that he could "make an income off of.  Initially it was the real estate investing, and then it was other entities that I tried to make an income off of, and I did try and establish an LLC in 2006."  He did not, however, explain these other businesses.  He failed to establish that they were operational or produced any gross income during 2006 or had specific ordinary and necessary documented expenses.

Pursuant to section 195(a), startup or preopening expenditures are generally not deductible. However, at the election of the taxpayer, a limited amount of startup expenditures may be deducted for the year in which a trade or business begins, and the remainder may be amortized over the 180-month period beginning with the month in which the active trade or business begins. See sec. 195(b)(1), (c). The taxpayer bears the burden of proving that he or she executed such a timely election. See sec. 195(d); Krebs v. Commissioner, T.C. Memo. 1992-154; sec. 1.195-1(b), Income Tax Regs.

Petitioner made no attempt to explain his business at trial. There is no evidence in the record that petitioner's business, in fact, existed or was in operation in 2006. Petitioner did not present evidence that the business had ever generated revenue or that he had claimed expense deductions relating to it in prior tax years. Consequently, petitioner may not deduct these expenditures in 2006.

We also note that even if we found that petitioner's business was in existence in 2006, we would still disallow the claimed Schedule C business expense deductions. Petitioner failed to meet the substantiation requirements discussed above. At trial he did not adequately explain the exhibits nor how the claimed expenses were related to the business.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.