**R. M. KLINGHAMER and Grace V. Klinghamer, Appellants,**

**v.**

**Lynn R. BRODRICK, District Director of Internal Revenue, Appellee.**

**No. 5486.**

United States Court of Appeals Tenth Circuit.

Feb. 23, 1957.

Lancie L. Watts, Kansas City, Mo. (William J. Bell, Kansas City, Kan., and Watts, Shafer & Hopper, Kansas City, Mo., on the brief), for appellants.

Helen A. Buckley, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Attorney, Department of Justice, Washington, D. C., William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

R. M. Klinghamer and Grace V. Klinghamer, husband and wife, instituted this action against Lynn R. Brodrick, then director of Internal Revenue for the District of Kansas, to recover income tax assessed and paid for the year 1951. Grace V. Klinghamer joined as a party

plaintiff merely because she was the wife of her co-plaintiff. Therefore no further reference will be made to her, and for convenience reference will be made to R. M. Klinghamer as the taxpayer. The cause was submitted to the trial court on a written stipulation of facts. These facts among others were stipulated. In 1949, the taxpayer paid a deficiency in income taxes, together with accrued interest thereon; and in his income tax return for that year, he claimed a deduction for such interest paid. The taxpayer filed suit to recover judgment for the deficiency and accrued interest paid. In March, 1951, judgment was rendered in his favor; and in August of that year, the judgment was paid. In 1951, the taxpayer filed an amended return for the year 1949 in which he attempted to expunge the deduction for interest paid on the deficiency, and he paid an additional tax resulting therefrom. In his return of taxable gain for the year 1951, the taxpayer did not include as income the item of interest recovered during such year. In 1954, the Commissioner increased the tax for the year 1951 because of the failure to include in the return the item of interest recovered during the year; and the increase was paid. Later in the year 1954, the Commissioner, in a letter of refund to the taxpayer, asserted that the amended return was in error in eliminating the deduction of interest and refunded a specified amount as an overassessment. The court entered judgment in favor of the director and the taxpayer appealed.

The taxpayer challenges the judgment upon the ground that under the facts he had the right to file an amended return for the year 1949 eliminating the deduction for interest claimed in the original return; that by filing the amended return he effectively eliminated the deduction; that by paying the deficiency which resulted from the elimination of such item of interest, he retained no advantage from the deduction claimed in the original return; that the refund in 1951 constituted a return of capital; and that

therefore he was entitled to judgment. Revenue Acts have consistently vested in the Commissioner authority to reopen within prescribed periods of time returns for the purpose of determining deficiencies or of allowing credits or refunds. But there is no statute or general regulation having the effect of law which vests in a taxpayer the right to file an amended return after the time for the filing of the original return has expired. Keeler v. Commissioner, 10 Cir., 180 F. 2d 707.

While there is no statute or regulation having the effect of law which vests in a taxpayer the right to file an amended return after expiration of the time for the filing of the original return, it has been the general administrative practice over a long period of time to recognize amended returns filed after the due date for the purpose of correcting clear errors or plain mistakes inhering in original returns. But in this instance no error or mistake occurred in connection with the original return. The taxpayer was on a cash basis; he was entitled to claim a deduction of the interest payment in 1949; and in the original return for that year he claimed the deduction to which he was entitled. He was familiar with the facts and with his rights under them in respect to the deduction for the year 1949. He knew that he had the right to claim the deduction. He exercised the right by claiming the deduction in the original return. And the exercise of the right in that manner constituted an election to treat the item of interest as a deductible business expense. The purpose of the amended return was to change the treatment for tax purposes of the item of interest from that of a deductible business expense to that of non-taxable return of capital. An amended return designed to accomplish that result could not be filed after the due date of the original return without the consent of the Commissioner, unless refusal to give such consent amounted to an abuse of discretion. And in view of all the attending facts and circumstances, it cannot be said that

refusal to accept the amended return constituted an abuse of discretion calling for judicial correction.

The judgment is affirmed.