**Robert F. KOCH and Evelyn C. Koch, Appellants,**

**v.**

**Donald C. ALEXANDER, Commissioner of Internal Revenue, Appellee.**

**No. 76–1925.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 15, 1977.

Decided Aug. 16, 1977.

J. Robert Walsh, Bethesda, Md., for appellants.

John G. Manning, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D. C., Jervis S. Finney, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before CRAVEN \* and WIDENER, Circuit Judges, and WILLIAMS, District Judge.\*\*

PER CURIAM:

The issue in this appeal is whether the filing of an amended income tax return revealing zero tax liability (after first filing a return showing liability in excess of $20,-000) renders the amount of tax disclosed in the taxpayer's original return, and previously assessed by IRS, a "deficiency" as defined by IRC § 6211,[1] and incorporated into § 6213(a).[2] 26 U.S.C. §§ 6211, 6213(a).

---

\* Judge Craven participated in the decision of this case but died before the opinion was prepared.

\*\* United States District Court for the Western District of Virginia, sitting by designation.

1. Sec. 6211 DEFINITION OF A DEFICIENCY.

"(a) *In General.*—For purposes of this title in the case of income, estate, [gift, and excise taxes,] imposed by subtitles A and B, [and chapter 42,] the term 'deficiency' means the amount by which the tax imposed by subtitles A or B or chapter [42] exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made."

\*   \*   \*   \*   \*   \*

2. Sec. 6213 RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

"(a) *Time for filing petition and restriction on assessment.*—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B [or chapter 42] and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. *Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.*" (Italics added)

\*   \*   \*   \*   \*   \*

Its resolution determines whether this action to enjoin the Commissioner of Internal Revenue from instituting tax collection procedures against the plaintiffs may be maintained under the statutory exception of 26 U.S.C. § 6213(a) to the Anti-Injunction Act, 26 U.S.C. § 7421.[3]

In October 1974, plaintiffs Robert and Evelyn Koch filed a joint income tax return for the year 1973, disclosing a tax liability of $20,558. About two months later, the IRS assessed income tax against the plaintiffs in the total amount of $21,462.50.[4] Thereafter, plaintiffs having paid only about $3,000 of their assessed income tax for 1973, the IRS filed notices of tax lien and levied upon various bank accounts belonging to the plaintiffs.

The Kochs filed an amended tax return for 1973 in December 1975. This amended return, by virtue of changing the treatment of the sale of a partnership interest to an installment basis, disclosed zero tax liability for 1973. The IRS has made no assessment on the basis of the amended return, nor has it taken that return into account by making a supplemental assessment upon the original return.

Plaintiffs contend that, since the amended return admitted no tax liability, it placed the Commissioner's entire original tax assessment in dispute, and the entire amount sought to be collected is a deficiency. If this assertion were correct, plaintiffs should have been entitled to a statutory notice of deficiency under IRC § 6213(a), and an opportunity to litigate the deficiency in the Tax Court prior to its collection. Thus, the contention goes, the Commissioner's failure to provide such notice would make applicable § 6213(a)'s exception to the Anti-Injunction Act.

As noted by the district court, the correctness of plaintiffs' position depends upon whether the IRS is required to accept the amended tax return in place of the original return previously filed. We agree with the district court that the Internal Revenue Code and regulations provide no basis for such a requirement, and affirm the judgment below dismissing the suit under the Anti-Injunction Act. We express no opinion as to the actual extent of plaintiffs' 1973 tax liability, currently under consideration in the Tax Court.

There is simply no statutory provision authorizing the filing of amended tax returns, and while the IRS has, as a matter of internal administration, recognized and accepted such returns for limited purposes,[5] their treatment has not been elevated beyond a matter of internal agency discretion. *Kearney v. A'Hearn*, 210 F.Supp. 10 (S.D.N.Y.1961), aff'd per curiam on the opinion of the district court in 309 F.2d 487 (2d Cir. 1962); *Klinghamer v. Brodrick*, 242 F.2d 563 (10th Cir. 1957); see *Miskovsky v. United States*, 414 F.2d 954 (3rd Cir. 1969). That discretion has not been abused in the present case. As the Third Circuit has recognized, "[I]t would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return." 414 F.2d at 956.

The last, italicized, sentence of § 6213(a) quoted just above is the statutory exception referred to in the opinion.

3. Sec. 7421 PROHIBITION OF SUITS TO RESTRAIN ASSESSMENT OR COLLECTION.

"(a) *Tax.*—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

\* \* \* \* \* \*

4. There is no dispute that the $904.50 discrepancy between taxpayers' original 1973 tax figure and the amount assessed by IRS is a deficiency. IRS has made no effort to collect that amount prior to the current Tax Court proceedings which are pending.

5. Amended returns showing a smaller liability than initially reported are generally treated as claims for refunds. See 26 C.F.R. § 301.6402–3. Such returns are also accepted to correct plain errors in original returns, see *Klinghamer v. Brodrick*, 242 F.2d 563 (10th Cir. 1957).

**1118**

26 U.S.C. § 6211(a) defines a deficiency, for our purposes, as the amount by which the tax assessed by the IRS exceeds the amount shown by the taxpayer on his return. Because the Commissioner is not obligated to take cognizance of the amended return for the purpose of collecting his original assessment, it is clear that the $20,-558 presently sought is not a deficiency, for it does not exceed the amount shown by plaintiffs on their original return. Plaintiffs were therefore not entitled to a notice of deficiency, and the statutory exception of § 6213 to the Anti-Injunction Act does not apply.

We have considered the other points raised in taxpayers' brief and are of opinion they are without merit.

*AFFIRMED.*