Ray KNOEFLER, Maxine Knoefler, Plaintiffs-Appellants,

v.

S. R. SCHNEIDER, Agent, Internal Revenue Division, United States Department of Treasury, Defendant-Appellee.

No. 76–3602.

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1977.

Ray & Maxine Knoefler, pro se.

K. Martin Worthy, Washington, D. C., for defendant-appellee.

Before TRASK, WALLACE and ANDERSON, Circuit Judges.

PER CURIAM:

The Knoeflers appeal from a dismissal of their suit for injunctive relief and money damages based upon an alleged violation of their civil rights. We affirm.

The Knoeflers filed a joint tax return for 1974 which showed a tax liability of $7,066. No remittance was enclosed with the tax return. After three demand notices, a threat of enforcement action and a personal visit to the Knoeflers, IRS Agent Schneider served a levy on the Knoeflers' bank account and seized two real properties that the Knoeflers owned. One of the properties was a residence occupied by tenants; the other was a vacant lot.

In or around May of 1976, the Knoeflers filed an amended tax return which showed that instead of the income reported, they had actually sustained a loss and had no tax liability for that year. Apparently the amended return was filed after collection proceedings had begun, but the record is not clear as to this point.

Sometime after the amended return was filed, Agent Schneider advertised the properties for sale. The Knoeflers brought the instant action to enjoin the sale of the properties or any other attempt to collect the tax and for damages for violations of their civil rights. The district court ordered a show cause hearing, at which Agent Schneider and Mr. Knoefler testified. The district court then ordered the action dismissed.

26 U.S.C. § 7421 forbids any court to issue an injunction restraining the assessment or collection of any tax. The statute has been construed to mean that the taxpayer can get an injunction only if he can show both irreparable injury and that the government could under no circumstances prevail on the merits. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Shannon v. United States*, 521 F.2d 56 (9th Cir. 1975), *cert. denied*, 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976). The filing of an amended return has no effect on the assessment and collection process. *Miskovsky v. United States*, 414 F.2d 954 (3d Cir. 1969); *United States v. Kelley*, 539 F.2d 1199, 1204 n. 8 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976).

The Knoeflers contend that the audit must have been completed prior to collection of the tax. The Commissioner could have chosen to delay the collection process until the audit was completed, but the deci-

sion was in the Commissioner's administrative discretion, and no abuse of that discretion has been shown.

■ The Knoeflers also complain that they should have been sent a 90-day letter so as to permit them to contest this matter in a tax court. Ninety-day letters, or notices of deficiency, are sent when the Commissioner determines that more tax is owed than is shown on the return, *see* 26 U.S.C. §§ 6211(a), 6659(b). Since in this case the Commissioner is attempting to collect only the amount shown on the return (plus penalties and interest), there is no deficiency and the Knoeflers are not entitled to a 90-day letter. *Koch v. Alexander*, 561 F.2d 1115 (4th Cir. 1977).

The Knoeflers also raise several constitutional arguments, but they are without merit.

AFFIRMED.