LLOYD GORDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gordon v. Commissioner
Docket No. 8873-79.
United States Tax Court
T.C. Memo 1979-511; 1979 Tax Ct. Memo LEXIS 13; 39 T.C.M. (CCH) 769; T.C.M. (RIA) 79511; December 26, 1979, Filed Roderick F. Mollison, for the petitioner. Allan E. Lang, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: On March 26, 1979, respondent made a 100 percent penalty assessment of $23,152.77 against the petitioner pursuant to sections 6671 and 6672, I.R.C. 1954, [1] as being the person responsible for the failure to pay over withholding and FICA taxes collected by the Alloyd Food Service Management & Investments, *15 Inc. for various quarterly taxable periods in 1975 and 1976. A notice and demand for payment of such taxes (Form 17) was sent to petitioner on March 26, 1979. A proof of claim (Form 4491) for such taxes had previously been filed by the District Director's Office on October 20, 1977, in a Chapter XI bankruptcy proceeding involving the corporation in the United States District Court for the Northern District of Illinois, Eastern Division. On June 27, 1979, the petitioner filed a petition with this Court for a redetermination of the assessment. On August 20, 1979, respondent filed a motion to dismiss for lack of jurisdiction on the ground that no statutory notice of deficiency, authorized by section 6212(a) [2] and required by section 6213(a), [3] was sent to the petitioner which would provide the basis for this Court's jurisdiction. Petitioner subsequently filed an objection to the motion to dismiss. A hearing on the motion was held on December 3, 1979, at the Chicago Trial Session. *16 Section 6671 provides as follows: SEC. 6671. RULES FOR APPLICATION OF ASSESSABLE PENALTIES. (a) Penalty Assessed as Tax.--The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter. (b) Person Defined.--The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. Section 6672 provides as follows: SEC. 6672. FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX. (A) General Rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, *17 in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. The identical issue was involved in Wilt v. Commissioner,60 T.C. 977 (1973).In granting the Commissioner's motion to dismiss in the Wilt case, we said at page 978: The United States Tax Court has limited jurisdiction. See sec. 7442. This includes Federal income, estate, and gift taxes which are subject to the deficiency notice requirements of sections 6212(a) and 6213(a). The deficiency notice requirements set forth in these two sections are limited to the taxes imposed by subtitle A (income taxes) and subtitle B (estate and gift taxes). Here we are dealing with a penalty imposed by sections 6671 and 6672 with respect to taxes imposed by subtitle C, the taxes required to be withheld by the employer from the wages of employees. There is no requirement that a notice of deficiency be issued before the assessment of the taxes imposed by subtitle C, and we have no jurisdiction to consider *18 an assessed penalty relating to such taxes. This is plainly the view of two Courts of Appeals. See Shaw v. United States,331 F.2d 493, 494-495 (C.A. 9, 1964), and Enochs v. Green,270 F.2d 558, 560-561 (C.A. 5, 1959), involving predecessor section 2707(a) of the 1939 Code. Thus a deficiency notice is not needed for there to be an assessment under sections 6671 and 6672. Since a deficiency notice is a condition precedent to Tax Court jurisdiction, it is our conclusion that we lack jurisdiction of the taxpayer's petition herein. See DaBoul v. Commissioner,429 F.2d 38 (C.A. 9, 1970).
The decisions in Knoefler v. Schneider,565 F.2d 1072 (9th Cir. 1977), and Koch v. Alexander,561 F.2d 1115 (4th Cir. 1977), cited by the petitioner, are clearly distinguishable, and are not applicable to the issue presented here. Congress has not conferred jurisdiction upon this Court to hear 100 percent penalty assessment cases. Accordingly, respondent's motion to dismiss this case for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All statutory references herein relate to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 6212. NOTICE OF DEFICIENCY. (a) In General.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. ↩
3. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.↩