JOHN F. AND EDNA M. McCABE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCabe v. Comm'r
Docket No. 2502-82.
United States Tax Court
T.C. Memo 1983-325; 1983 Tax Ct. Memo LEXIS 466; 46 T.C.M. (CCH) 390; T.C.M. (RIA) 83325; June 7, 1983. John F. McCabe, pro se. Gary A. Benford, for the respondent. FEATHERSTON
*466 MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $1,262.50 in petitioners' Federal income tax for 1979 and an addition to tax under section 6653(a) [1] in the amount of $63.12. *467 The issues for decision are: 1. Whether petitioners understated their 1979 gross income attributable to (a) interest of $103.41, (b) a refund of State income tax of $289.06, and (c) compensation for services of $1,179; 2. Whether petitioners are entitled to deductions greater than those allowed by respondent for *468 (a) automobile expenses, (b) home office expenses, and (c) State and local income tax; 3. Whether petitioners' deduction for State sales tax is limited to the amount allowed in the optional State sales tax tables; 4. Whether petitioners are liable for self-employment tax in the determined amount; and 5. Whether any underpayment of tax was due to negligence or intentional disregard of the tax laws within the meaning of section 6653(a). [2]
When they filed their petition in this case, petitioners John F. and Edna M. McCabe, husband and wife, were legal residents of Albuquerque, New Mexico. During 1979, they resided in Albany, New York. In that year, petitioner John F. McCabe was employed as a stenographic reporter by the New York State Division of Parole. Petitioners moved to Albuquerque sometime after the middle of 1980. As a preliminary matter, we note that petitioners raise some procedural arguments on brief. They contend that their return for 1979, upon which the deficiency *469 was based, has been rendered "moot, irrelevant and immaterial" by an amended return for 1979 that they apparently sent to the Internal Revenue Service. The amended return is dated November 19, 1982, one year after the issuance of the statutory notice of deficiency (dated November 18, 1981) and some 10 months after the petition was filed. The Commissioner has discretion to accept or reject amended returns filed after the due date. Although taxpayers have no statutory right to file amended returns after the due date, the Commissioner will generally recognize such returns "for the purpose of correcting clear errors or plain mistakes inhering in original returns," Klinghamer v. Brodrick,242 F.2d 563, 564 (10th Cir. 1957). An amended return does not, however, change an assessment that has been made or vitiate a notice of deficiency on which the jurisdiction of this Court is based. See Koch v. Alexander,561 F.2d 1115 (4th Cir. 1977); Klinghamer v. Brodrick,supra.As the Third Circuit stated in Miskovsky v. United States,414 F.2d 954, 956 (3d Cir. 1969): "[I]t would be utterly disruptive of the administration *470 of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return." We have admitted the amended return in evidence as a statement of petitioners' present position, but the amended return does not affect the jurisdiction of this Court or petitioner's burden to show error in the notice of deficiency. Petitioners also allege on brief instances of misconduct by Internal Revenue Service officials during the course of the audit of their return, some of which actions they contend were unconstitutional. Except in rare and unusual circumstances, courts will not look behind the notice of deficiency to examine the Commissioner's administrative policies or procedures used in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-329 (1974); Estate of Smith v. Commissioner,57 T.C. 650, 656 (1972), affd. 510 F.2d 479 (2d Cir. 1975). Petitioners have shown no extraordinary circumstances in this case. Their allegations of unconstitutional conduct are unsupported *471 and appear on this record to be frivolous. 1. Omitted Income
(a) Interest
Respondent determined that petitioners received interest income in 1979 in the amount of $266; they reported interest for 1979 in the amount of $162.59 and at trial asserted that their interest actually totaled $138.88, consisting of $121.65 paid by the State Bank of Albany and $17.23 by the Albany Savings Bank (account No. XXX262-3). Petitioners, of course, bear the burden of proving error in respondent's determinations. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). They have failed to convince us that respondent erred in including in their income $145 of interest from the Albany Savings Bank account No. XXXX6158, in addition to the $121.65 from the State Bank of Albany. Respondent's determination is sustained on this issue. (b) State Income Tax Refund
Petitioners paid $932.93 in 1978 State and local income tax but actually owed only $643.87. They thus overpaid their 1978 State and local taxes by $289.06 and received a 1979 refund of the overpayment. Respondent determined that the entire amount of the refund is includable in petitioners' income in 1979. *472 We disagree. Petitioners claimed a 1978 deduction of $708.82 and received a tax benefit of a deduction in that amount. They received no tax benefit from the State and local taxes of $224.11 ($932.93 paid minus $708.82 deducted) that they paid but did not deduct. Accordingly, they are taxable on the 1979 refund only to the extent of $64.95, the difference between the amount that they deducted and for which they received a tax benefit ($708.82) and the amount of tax that they actually owed and paid ($643.87). [3] Sec. 111(b); sec. 1.111-1(a)(2), Income Tax Regs.; see Hillsboro National Bank v. Commissioner,455 U.S. 906 (1983). (c) Compensation for Services
During 1979, Mr. McCabe performed services for Parsont Reporting Service and received taxable compensation in the amount of $1,179. Petitioners have so stipulated and conceded at trial the receipt and taxability of this amount. They assert, however, that they are entitled to deductions for expenses attributable to this income. Petitioners have provided no objective documentation *473 to carry their burden and, in any event, from the trial record it appears that at least some expenses that they incurred were reimbursed and that the reimbursed amounts were not included in the $1,179 total. Respondent's determination is sustained. 2. Deductions
(a) Automobile
For 1979, Mr. McCabe claimed deductions of numerous automobile expenses allegedly incurred in traveling to prisons in connection with his employment. Petitioners bear the usual burden of proving error in respondent's determinations, Rule 142(a); moreover, for expenses incurred in overnight trips (in this case, for gasoline), they must provide documentation sufficient to satisfy section 274. We have carefully considered the entire record and agree with respondent that, even construing he evidence in the light most favorable to petitioners, the greatest amount of expenses that has been established is as follows: Item
Amount
Gasoline
Repairs
76.00
Tires, supplies, etc.
10.00
Insurance
506.00
Taxes
Tags and licenses
16.00
Interest
343.41
Miscellaneous (car financing insurance)
65.16
Depreciation
1,404.33
Parking fees and tolls
5.55
Total
2,426.45
Less employer's reimbursement of these expenses
1,815.77
Deductible business expenses
$611.68
*474 As respondent notes, it would be to petitioners' advantage to accept respondent's determination of $410.23 in automobile expenses (by use of the mileage method) and claim an interest expense of $343.41 as an additional itemized deduction. As respondent suggests, then, we sustain his determination on the automobile expense of $410.23 and hold that petitioners are entitled to an additional deduction for interest in the amount of $343.41. (b) Home Office
Petitioners deducted $1,448.29 as an expense for "office-in-the-home." Of this amount, respondent allowed $1,238.19. Petitioners' oral testimony and summary in their amended return are insufficient to carry their burden of proving any additional entitlement. Respondent's determination is sustained.
(c) State and Local Income Tax
On their 1979 return, petitioners claimed deductions for State and local income tax in the amounts of $1,035.45 and $643.87. The latter amount is noted "1978" and allegedly represents an amount of State and local taxes paid in 1978. Respondent allowed the deduction of $1,035.45 withheld in 1979 but disallowed the amount allegedly paid in 1978. Petitioners clearly cannot deduct in 1979 taxes *475 paid in a prior year, nor can they deduct the amount paid in 1979 twice as they apparently attempt to do on their amended return. 3. Sales Tax
Petitioners claimed a deduction for State sales taxes based on the optional State sales tax tables as well as additional amounts for a "large items" tax ($178), "telephone" tax ($22.81), and "heat and electricity" tax ($62.50). Respondent permitted an increased deduction based on the optional sales tax tables to reflect the additional income determined in the notice of deficiency but disallowed the claimed additional amounts. Section 164(a) allows a deduction for, among other taxes, State and local taxes paid during the taxable year. As a matter of administrative convenience, the Commissioner permits a taxpayer to deduct as State sales tax an amount keyed to his income as set forth in optional State sales tax tables.A taxpayer is at liberty to take a deduction larger than the amount provided in the tables, but he has the burden of proving entitlement to such larger deduction. In addition to the optional tax table amount, the Commissioner allows deductions for general sales taxes paid on a select group of large items, such as *476 cars, airplanes, and boats. The "large item" for which petitioners claim an additional deduction of $178 apparently was a piece of jewelry purchased for Mrs. McCabe. Because such jewelry is not one of the large items for which additional deductions are permitted, we sustain respondent's denial of this deduction. [4] Likewise, petitioner has not shown that he is entitled to deduct amounts paid as sales taxes on gas, electricity, and telephone. While respondent has ruled that New York sales tax on these items generally is deductible under section 164(a), Rev. Rul. 76-87, 1976-1 C.B. 49, the tax on those items is not treated like the tax on a car or boat, so as to be separately deductible regardless of the use of the optional State sales tax tables. Petitioners' choice of using the optional tables thus precludes the separate deduction of these taxes. [5] Respondent's determination is sustained. *477 4. Self-Employment Tax
Section 1401(a) imposes a tax on the "self-employment income of every individual," and that term is defined by section 1402(a) to mean the "net earnings from self-employment." For the purposes of this case, the section refers to net earnings from a "trade or business." Sec. 1402(a). Respondent determined that petitioners were liable for self-employment tax with regard to the income earned from Mr. McCabe's work for Parsont Reporting Service, and such work was a trade or business. Petitioners have presented no evidence to show that the tax is not applicable [6] or that the computation in the notice of deficiency of the amount of such income was incorrect. We hold that they are liable for self-employment tax as determined. 5. Negligence
In attempting to rebut respondent's determination that petitioners *478 are liable for an addition to tax for negligence, Mr. McCabe attributed the omissions of income and erroneous deductions on the 1979 return to the confusion surrounding their move from New York to Albuquerque. Moreover, he stated that Parsont failed to send him a Form 1099 and therefore he apparently forgot to report the income from that source. These explanations are insufficient to sustain petitioners' burden of proof. Rule 142(a). Petitioners may have been in a state of confusion in early January 1980 (the return is dated January 30, 1980) about their move some 6 months to a year later, but this does not explain the numerous omissions and unjustified and unjustifiable deductions. We do not impute malice to petitioners, but at some point the inaccuracies of tax returns become so numerous that an excuse of general "confusion" will not refute a determination of negligence. The errors and inaccuracies in petitioners' return for 1979 reached that point. The addition to tax is sustained. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. All Rules references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
2. Respondent also determined that an adjustment in medical and dental expenses was required. Petitioners do not contest this adjustment, the amount of which is mathematically derived.↩
3. No part of the $64.95 qualifies as a recovery exclusion under sec. 111. See. Rev. Rul. 79-15, 1979-1 C.B. 80↩.
4. See generally Feistman v. Commissioner,T.C. Memo. 1982-306, on appeal (9th Cir., Dec. 27, 1982) (involving expenses for a wedding and nonbusiness restaurant meals); Edmister v. Commissioner,T.C. Memo. 1977-208↩ (involving miscellaneous household appliances and other items). We note as well that petitioners presented no documentary evidence supporting this purchase, although Mr. McCabe testified that he had the receipt (and indeed would take "that receipt to the grave with me.") Petitioners' statements on brief regarding this and other issues are not evidence and will not be considered. 5. As respondent points out, a portion of the "telephone tax" is a Federal excise tax which is clearly not deductible as a State sales tax.Sec. 4251; sec. 1.164-2(f), Income Tax Regs.↩ Also portions of the utility and telephone taxes may already have been deducted as home office expenses.
6. At trial, Mr. McCabe stated that the self-employment issue "was covered in * * * [their] amended Schedule C." On this schedule, they reported numerous deductions attributable to the Parsont's income (none of which have been substantiated), resulting in a loss; thus, under their figures no self-employment tax would be due on the net loss.↩