**Faramarz FAYEGHI and Shelli Fayeghi, Petitioners– Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 98–71375.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2000

Filed May 3, 2000

Joel G. Selik, Solana Beach, California; Douglas M. Edwards, Edwards & Winterton, Las Vegas, Nevada, for the petitioners-appellants.

Randolph L. Hutter and John A. Nolet, Tax Division, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: TASHIMA and GRABER, Circuit Judges, and STOTLER,[1] District Judge.

GRABER, Circuit Judge:

■ Petitioners Faramarz and Shelli Fayeghi filed a motion in the tax court to restrain collection of taxes. The tax court denied the motion, concluding that it lacked authority to restrain collection in the circumstances. The tax court's conclusions of law and interpretation of the Internal Revenue Code are subject to de novo review. *See Estate of Rapp v. Commissioner*, 140 F.3d 1211, 1215 (9th Cir. 1998). We affirm.

## FACTS AND PROCEDURAL HISTORY

In October 1991, Petitioners filed a joint federal personal income tax return for 1990 in which they reported that they owed $107,771 in tax, less $848 that had been withheld. Petitioners did not remit payment with their return.

On November 25, 1991, Respondent assessed Petitioners' 1990 income tax at $107,771, plus more than $10,000 in interest and late-payment penalties. Petitioners did not pay. Instead, in January 1993, they submitted an amended tax return for 1990. In that return they claimed that their tax liability for 1990 was $7,045, not $107,771. They further claimed (incorrectly) that they had *paid* $107,771 in 1990 income tax and were, therefore, entitled to a refund of $100,726.

Respondent did not accept Petitioners' amended return as a new return superseding their original 1990 return. Instead, Respondent treated the amended return as a claim for abatement in the amount of the difference between the taxes that Petitioners thought they owed when they filed . their original return ($107,771) and the

---

1. The Honorable Alicemarie H. Stotler, United States District Judge for the Central District of California, sitting by designation.

taxes that they thought they owed when they filed their amended return ($7,045).

On December 31, 1995, Respondent issued a "30–day letter" to Petitioners. In that letter, Respondent proposed to determine that there was a deficiency in Petitioners' original 1990 return, because the $107,771 tax liability that Petitioners reported on that return actually understated their liability by $321,079. According to Respondent, Petitioners failed to report more than $1.1 million of 1990 income that was attributable to them as pass-through income from GMF, Inc., a corporation in which they held an ownership interest.

Respondent also attached an examination report to the 30–day letter; it discussed the amended 1990 return that Petitioners had filed. In that report, Respondent treated the amended return as an informal claim for abatement and rejected that claim. In September 1997, Respondent issued a final notice of intent to levy against Petitioners to collect the tax that they had reported on their original 1990 return, plus nearly $100,000 in interest and penalties.

In October 1997, Respondent followed up the 1995 30–day letter by issuing a notice of deficiency addressing Petitioners' 1990 income tax. In that notice, Respondent determined that Petitioners' original 1990 return had understated their tax liability by $321,079 and also imposed on Petitioners a $64,216 penalty for inaccuracy. On the same day, Respondent issued a second notice of deficiency, covering Petitioners' 1991, 1992, and 1993 personal income tax returns. On January 8, 1998, Petitioners filed a timely petition for redetermination, contesting the accuracy of those two notices of deficiency in the tax court.

While that petition was pending, Petitioners filed the motion to restrain collection that is the subject of this appeal.

That motion relates not to the two notices of deficiency but, rather, to Respondent's efforts to collect the income tax (plus interest and penalties) that Petitioners had reported on their original 1990 return, but never paid.

■ The tax court denied Petitioners' motion. The court noted that its power to enjoin collection of taxes is limited to situations in which Respondent assessed taxes in a notice of deficiency and then improperly attempted to collect those taxes while a petition for redetermination of deficiency was pending. In this case, the court concluded, Respondent was *not* attempting to collect taxes that were assessed in a notice of deficiency but, rather, was attempting to collect taxes that Petitioners had self-reported on their 1990 tax return, but had not paid. Accordingly, the tax court held that it had no authority to enjoin collection of the taxes that are the subject of Petitioners' motion. The court also rejected Petitioners' argument that it could enjoin collection because Petitioners had filed an amended 1990 return. Petitioners appeal.[2]

## DISCUSSION

With limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Here, Petitioners are suing to restrain the collection of tax, but argue that their case falls within one of the exceptions. The exception on which they rely is contained in 26 U.S.C. § 6213(a), which provides in part:

> Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.... [N]o assessment of a deficiency in respect of any tax ... and no levy or proceeding in court for its collection shall be made,

---

**2.** Although the order from which petitioners appeal is interlocutory, it is appealable under

26 U.S.C. § 7482(a)(3).

begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day ... period, ... nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. *Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court.... The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.*

(Emphasis added.) For purposes of that section, a "deficiency" essentially is the amount by which the tax that a party owes exceeds the tax that the party reported on his or her return, adjusted by any payments or refunds. *See* 26 U.S.C. § 6211.

■ The tax court's authority to enjoin collection of taxes under 26 U.S.C. § 6213(a) is limited to collection of taxes in deficiency proceedings. Here, Petitioners are seeking to enjoin the collection of tax that is not being assessed through a deficiency proceeding. Rather, the tax at issue here is the tax shown on Petitioners' 1990 return. That tax is not a "deficiency," by definition, because a deficiency is an amount *in excess* of the amount shown on the return. *See* 26 U.S.C. § 6211; *see also Knoefler v. Schneider*, 565 F.2d 1072, 1074 (9th Cir.1977) (stating that, "[s]ince in this case the Commissioner is attempting to collect only the amount shown on the return (plus penalties and interest), there is no deficiency").

This case is an unusually good illustration of what a deficiency is (and is not), because Respondent *also* has filed a notice of deficiency regarding Petitioners' 1990 tax return. Putting aside penalties and interest, Respondent is attempting to collect Petitioners' 1990 income tax in two increments: (1) the increment that Petitioners admitted that they owed in their 1990 return; and (2) the additional $321,079 that Respondent believes that Petitioners owe, even though they did not report it on their return. That second increment is the deficiency; Respondent may not attempt to collect it while Petitioners' petition for redetermination is pending. The first increment is simply the tax that Petitioners admittedly owed when they filed their original 1990 return, and still owe. The tax court's power to enjoin premature collection of deficiencies under 26 U.S.C. § 6213(a) does not extend to that increment.

■ Nor does Petitioners' filing of an amended 1990 return convert Respondent's collection into the collection of a deficiency that could be enjoined under 26 U.S.C. § 6213(a). "There is simply no statutory provision authorizing the filing of amended tax returns...." *Koch v. Alexander*, 561 F.2d 1115, 1117 (4th Cir.1977). Respondent may, "as a matter of internal administration," *id.*, decide to accept amended returns for limited purposes, as it did in this case when it treated Petitioners' amended 1990 return as a request for abatement. But Respondent is not statutorily required to do so, or to treat an amended return as superseding an original return. Relevant to this case, for the purpose of calculating a deficiency, the "amount shown as the tax by the taxpayer upon his return," 26 U.S.C. § 6211(a)(1)(A), "is the amount shown on the original return, not the amended return," *Curry v. United States*, 774 F.2d 852, 854 n. 1 (7th Cir.1985). As this court stated in *Knoefler*, 565 F.2d at 1073, "[t]he filing of an amended return has no effect on the assessment and collection process."

Petitioners are asking the tax court to enjoin collection of tax that is not the subject of a deficiency. But 26 U.S.C. § 6213(a) authorizes the tax court to enjoin collection "*only in respect of the defi-*

*ciency* that is the subject of [a] petition" for redetermination. (Emphasis added.) Nevertheless, Petitioners argue on two grounds that the tax court was authorized to enjoin collection of the taxes at issue in this case.

First, they direct the panel to another tax court case, *GMF, Inc. v. Commissioner*, which has been consolidated at the tax court with the case that spawned the motion on appeal here, *Fayeghi v. Commissioner*. The *GMF* case concerns a notice of deficiency that the Commissioner issued with respect to GMF's 1990 income tax. As noted, Petitioners held an ownership interest in GMF in 1990.

The cases were consolidated at the tax court because they concern taxation of a single pool of money: GMF's 1990 earnings. In *Fayeghi*, Respondent has taken the position that GMF is an S Corporation and, therefore, that its earnings are taxed at the level of the individual shareholders, i.e., Petitioners. In *GMF*, by contrast, Respondent has taken the position that GMF is a C Corporation that was itself required to pay income tax on its 1990 earnings.

■ Respondent acknowledges that those positions are mutually inconsistent, but notes that it was required to take inconsistent positions to avoid a "whipsaw": that is, a situation in which there is one pool of income and two potential taxpayers, and the income might escape taxation altogether if Respondent were unsuccessful in pursuing only one taxpayer.[3] By asserting inconsistent positions in the consolidated tax court cases, Respondent can ensure that one of the potential taxpayers, GMF or Petitioners, ultimately will pay income tax on GMF's 1990 earnings.

The crux of Petitioners' argument is that Respondent's notice of deficiency *to GMF*, relating to GMF's 1990 return, bars Respondent from collecting the tax that *Petitioners* reported on their original 1990 return. That deficiency notice asserts that GMF was a C Corporation in 1990 and, accordingly, that all of GMF's 1990 earnings are taxable at the corporate level. But the income that Petitioners reported on their original 1990 return was pass-through income from GMF, which Petitioners reported on the theory that GMF was an S Corporation. That income was part of the same pool of earnings that Respondent attributed to GMF in the notice of deficiency. Thus, Petitioners argue, the tax that they reported on their original 1990 return *is* the subject of a deficiency, because it represents taxation of the same money as to which Respondent issued a notice of deficiency against GMF.

The difficulty with that argument is that 26 U.S.C. § 6213(a) allows the tax court to enjoin collection only "in respect of the deficiency" itself. There are two separate taxpayers involved here, and one may not "borrow" a deficiency notice from the other. The only relevant "deficiency" here is the deficiency issued *against GMF*. It is undisputed that the tax court could enjoin Respondent from prematurely collecting from GMF on that deficiency. But this motion does not relate to that deficiency. Instead, the motion relates to tax self-reported by the individual Petitioners. The tax court has no authority under 26 U.S.C. § 6213(a) to enjoin collection of that tax, even though the income on which it is based is the subject of a separate deficiency proceeding against another taxpayer.

---

**3.** In their reply brief, Petitioners argue, apparently for the first time, that Respondent "may not" adopt inconsistent positions in the two tax court cases. Their argument on that point is puzzling, because they acknowledge that "[t]he Courts have held that the IRS may take contrary positions." The case from which they quote in support of their argument, *Bouterie v. Commissioner*, 36 F.3d

1361, 1374 (5th Cir.1994), says as much: "We do not question that there are instances in which the IRS may be required to adopt inconsistent positions to protect the public fisc." To the extent that Petitioners are arguing that Respondent may not adopt inconsistent positions before the tax court, we reject Petitioners' argument.

Second, Petitioners argue that the tax court could enjoin collection under this court's decision in *Russell v. United States*, 592 F.2d 1069 (9th Cir.1979). Petitioners acknowledge that *Russell* did not discuss the tax court's authority to enjoin collection of taxes. However, they point out that *Russell* declares that the tax court has "jurisdiction to decide the entire gamut of possible issues" related to a taxpayer's liability for the year in question. *Id.* at 1072. On that basis, Petitioners argue that the court had jurisdiction to enjoin collection in this case.

 The tax court's undisputed authority to decide all issues related to tax *liability* for a particular year does not override the express statutory prohibition against suits to *enjoin collection* of taxes. *See* 26 U.S.C. § 7421(a). *Russell* could not (and did not purport to) do away with that prohibition, or to carve out an exception to the prohibition. *Russell* is irrelevant to the question whether the tax court could issue an injunction in this case.

## CONCLUSION

The tax court did not err in holding that it lacked authority to grant Petitioners' motion to enjoin collection of taxes.

AFFIRMED.