**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jo–Ann ASIRU and Dolapo Asiru,
Defendants–Appellants.**

No. 05–55031.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Feb. 6, 2007.

Filed Feb. 26, 2007.

575

2

Randolph L. Hutter, Attorney, Richard Farber, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

A. Sam Akintimoye, Esq., Law Offices of A. Sam Akintimoye, Ortario, CA, for Defendants–Appellants.

Before: FERGUSON, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

Jo–Ann and Dolapo Asiru ("Asirus" or "taxpayers" or, individually, "Jo–Ann" or

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

"Dolapo") appeal the District Court's decision reducing their federal income tax assessments to judgment and ordering the foreclosure of federal tax liens filed against Jo–Ann's real property. Asirus contend that the assessed taxes were too high and that the District Court erred in excluding their expert witness and amended tax returns. We affirm.

## DISCUSSION

### I. The District Court did not err in reducing to judgment the federal tax assessments.

#### A. The 1990 Tax Assessment

Asirus note that the Certificate of Assessment for tax year 1990 shows a balance of zero because the ten-year statute of limitations under 26 U.S.C. § 6502(a)(1) expired, causing the collectable amount of $37,645.72 to be zeroed out.

Although the Certificate of Assessment does show zero debt, there are two problems with Asirus' argument. First, they failed to raise the claim below. Second, the document is inaccurate because the ten-year statute of limitations did not in fact run before the United States filed suit to collect.

■ The Ninth Circuit "will not . . . review an issue not raised below unless necessary to prevent manifest injustice." *Johnson v. Dir., Office of Workers' Comp. Programs*, 183 F.3d 1169, 1171 (9th Cir. 1999) (internal quotations omitted; alteration in original). At no time did Asirus argue to the District Court that the Certificate of Assessment for tax year 1990 showed zero tax liability. The Certificate relied upon is dated March 10, 2004, almost two months before Asirus' trial.

Asirus had the opportunity to review the Certificate and point out at trial that the document showed zero liability. They did not do so.

■ Even if Asirus had raised the claim below, their argument is without merit. The Certificate for tax year 1990 indicates the tax liability was reduced to zero on July 28, 2003 because the "statute expired." However, the United States had already filed suit to collect the taxes by that time. July 7, 2003, the date on which the United States filed the complaint, is within ten years of July 19, 1993, the date on which the tax was assessed. Asirus incorrectly contend that the tax was assessed on June 23, 1993. Asirus taxes were *filed* on June 23, 1993, but the taxes were not *assessed* until July 19, 1993.[1] Thus the suit, filed on July 7, 2003, was filed within the ten-year statute of limitations and the United States is entitled to collect the assessed amounts for tax year 1990.

#### B. The Self–Employment Tax Assessments

Asirus also contend that the District Court erred in reducing their liabilities to judgment because the assessments were based on erroneous self-employment taxes to which Dolapo should not have been subject as the sole shareholder of American Midland, an S corporation.

Distributions of American Midland's income were passed through to Dolapo as dividends, not self-employment income. Rev. Rul. 59–221, 1959–1 C.B. 225. The record indicates that Asirus' accountant treated them as such and gave Dolapo the appropriate Form 1120S and Schedule K–1

---

1. Asirus' argument that their taxes were "self-assessed" as of June 23, 1993 is without merit.

for pass-through income from an S corporation.

Asirus also acted as loan agents for the corporation, providing services for which American Midland paid them compensation. Such payments would normally be considered wages. Rev. Rul. 73–361, 1973–2 C.B. 331; *see also Spicer Accounting, Inc. v. United States,* 918 F.2d 90, 93 (9th Cir.1990). Asirus' accountant, however, treated them as independent contractors and treated these payments as self-employment income. Asirus contend that this classification was in error and inflated their tax assessments.

 The District Court found that Asirus made the conscious decision to file returns as independent contractors subject to self-employment taxes rather than as wage employees subject to wage taxes. Asirus have failed to show that this finding is clearly erroneous. Asirus' accountant at the time advised them that filing as independent contractors would spare American Midland from having to file payroll tax returns and issue W–2 forms to Asirus. The District Court found that neither Dolapo nor Jo–Ann objected to the accountant's treatment of them as independent contractors and, in fact, they agreed to such treatment. The Supreme Court has noted that "while a taxpayer is free to organize [her] affairs as [s]he chooses, nevertheless, once having done so, [s]he must accept the tax consequences of [her] choice, whether contemplated or not, and may not enjoy the benefit of some other route [s]he might have chosen to follow but did not." *Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co.,* 417 U.S. 134, 149, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974) (citations omitted). Asirus desire now to be treated as employees with "wages" rather than independent contractors with "self-employment income" comes too late. We decline Asirus' invitation to "indulge in

speculating how the transaction might have been recast with a different tax result." *Don E. Williams Co. v. Comm'r,* 429 U.S. 569, 580, 97 S.Ct. 850, 51 L.Ed.2d 48 (1977).

## II. The District Court did not abuse its discretion in refusing to admit taxpayer's evidence.

### A. Asirus' Expert Witness

 At the bench trial in this case, Asirus sought to introduce the testimony of Wilfred I. Aka, a certified public accountant, to confirm their claim that the tax assessments were too high. The court determined that "Mr. Aka failed to apply a proper methodology in reaching his conclusions." It found that Aka did not "review any of the general ledgers or source documents pertaining to the income and expenses of American Midland," nor did he speak with Asirus' accountant from the relevant tax years. Aka interviewed only Asirus and reviewed only the filed tax returns. The court concluded that "Mr. Aka's methodology was unreliable [and that] his resulting opinion [was] wholly unsound [and] lacking in objectivity." This conclusion is not an abuse of discretion.

The court also found that Asirus' attorney had failed to comply with Fed.R.Civ.P. 26(a)(2), which establishes notice requirements for the use of expert witnesses in civil cases. Rule 26(a)(2) requires the party for whom the witness will testify to submit a report regarding the expert's testimony. Fed.R.Civ.P. 26(a)(2)(B). Asirus failed to designate Aka as an expert witness and Aka did not produce an expert report.

Asirus contend that Aka did prepare a report: the 1040X forms he submitted to the Internal Revenue Service ("IRS") for refunds. These forms, however, are not the kind of "report" required by Fed.

R.Civ.P. 26(a)(2). They lack all of the specific components of 26(a)(2)(B), such as "the data or other information considered by the witness in forming the opinions" or "the compensation to be paid for the study and testimony." Fed.R.Civ.P. 26(a)(2)(B). Accordingly, the District Court did not abuse its discretion in excluding Aka's testimony.

### B. Asirus' Amended Returns

■ Asirus also contend that the District Court erred in refusing to admit their amended returns. The District Court found that the returns were "irrelevant and inadmissible as evidence because they were prepared on the eve of this trial in an attempt to create evidence favorable to [Asirus]." It also found that the returns were "not probative of the correct amount of the Asirus' income or income tax liabilities for the subject years because such amended returns are based solely upon self-serving statements or information that the Asirus apparently conveyed to CPA Aka." The returns were submitted on March 1, 2004 to the IRS, eight months after the suit began and just two months before the trial. The District Court reasonably concluded that the tax returns were not prepared in a reliable manner and were not credible.

The returns also had no legal relevance given the issue before the court. The Ninth Circuit has held that "the filing of an amended return has no effect on the assessment and collection process." *Fayeghi v. Comm'r*, 211 F.3d 504, 507 (9th Cir.2000) (quoting *Knoefler v. Schneider*, 565 F.2d 1072, 1073 (9th Cir.1977)).

■ Finally, Asirus contend that the District Court erred in excluding evidence

that the IRS "ha[d] processed taxpayers claims for refund and ha[d] determined taxpayer's [sic] tax liability as zero in all the subject years." The record indicates, however, that these "refunds" were rescinded shortly after being issued and that the original assessments were fully reinstated. The District Court had before it proper evidence of Asirus' actual tax liability and considered it accordingly.

### CONCLUSION

For the foregoing reasons, we AFFIRM the District Court.