

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| THOMAS J. RATKE; BONNIE F. RATKE,<br><br>Petitioners-Appellants,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent-Appellee. | No. 14-73111<br><br>Tax Ct. No. 9641-01L<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court
Lewis R. Carluzzo, Special Trial Judge, Presiding

Argued and Submitted October 21, 2016
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and O'CONNELL,** District
Judge.

Petitioners Thomas J. and Bonnie F. Ratke appeal a decision of the United

States Tax Court denying their request for administrative and litigation costs as a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Beverly Reid O'Connell, United States District Judge for
the Central District of California, sitting by designation.

prevailing party under 26 U.S.C. § 7430 and denying their request for sanctions pursuant to 26 U.S.C. § 6673(a)(2). We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.

1. We review for abuse of discretion the Tax Court's decision whether to award § 7430 costs. Huffman v. Comm'r, 978 F.2d 1139, 1143 (9th Cir. 1992). We "reverse under the abuse of discretion standard only when the [lower] court reaches a result that is illogical, implausible, or without support in the inferences that may be drawn from the record." Kode v. Carlson, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam). The Tax Court did not abuse its discretion because the IRS's position had a reasonable basis in law and fact. We have held that an amount shown as owing on a tax return is not a deficiency and, therefore, may be assessed under 26 U.S.C. § 6201, even while there is a pending deficiency proceeding regarding the same tax year. Fayeghi v. Comm'r, 211 F.3d 504, 507 (9th Cir. 2000). The record shows that the parties considered the stipulated judgment amount in the deficiency proceeding to be in addition to Petitioners' self-reported tax. There was no indication on Petitioners' amended tax return that they were disputing the $12,655 they reported as owing. Cf. Powerstein v. Comm'r, 99 T.C. 466, 474 (1992) (holding that the IRS had improperly assessed an amount reported on a tax return where on the face of their return the taxpayers had "clearly

2

indicated that they were protesting rather than admitting the reported amounts"). The Tax Court's holding that the IRS's position was substantially justified was not an abuse of discretion.

2. We also review for abuse of discretion the Tax Court's decision to deny sanctions under 26 U.S.C. § 6673(a)(2). Liti v. Comm'r, 289 F.3d 1103, 1105 (9th Cir. 2002). For the reasons enumerated above, the Tax Court did not abuse its discretion in holding that no IRS attorney unreasonably or vexatiously multiplied the proceedings by advising that the IRS could lawfully assess the $12,655 that Petitioners reported as owing on their amended tax return.

The Tax Court also did not abuse its discretion by refusing to impose sanctions against the IRS attorney for her alleged violation of the ex parte communication ban during Petitioners' Collection Due Process ("CDP") proceeding. Even assuming that the CDP officer's conversations with the IRS attorney violated the ex parte communications ban, § 6673(a)(2) sanctions are not the appropriate remedy. The proper remedy would be remand for an unbiased CDP hearing. See, e.g., Drake v. Comm'r, 125 T.C. 201, 210 (2005) (finding that communications between IRS officers "constituted a prohibited ex parte communication" and remanding the case for a new hearing "with an independent Appeals officer"). Petitioners do not seek remand for a new CDP hearing.

Accordingly, the Tax Court did not abuse its discretion by denying Petitioners'

motion for sanctions.

     **AFFIRMED**.