NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF MARY P. BOLLES, Deceased, John T. Bolles, Executor, | No. 22-70192 |
| | Tax Ct. No. 4803-15 |
| Petitioner-Appellant, | |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 28, 2024**
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

The Estate of Mary P. Bolles ("the Estate") appeals from the Tax Court's orders finding an estate tax deficiency and declining to award administrative or litigation costs. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tax Court's determination of questions of fact for clear error and its conclusions of law de novo. *Custom Chrome, Inc. v. Comm'r,* 217 F.3d 1117, 1121 (9th Cir. 2000); *Fayeghi v. Comm'r*, 211 F.3d 504, 505 (9th Cir. 2000). We affirm.

1. The Tax Court calculated the Estate's tax deficiency based on its findings regarding various payments that Mary Bolles made to her son Peter between 1985 and 2007. Specifically, it found that the payments from 1985 through 1989 were loans, but the payments from 1990 through 2007 were gifts. Intrafamily transactions are presumed to be gifts; for an intrafamily payment to be considered a loan, there must have been a bona fide creditor-debtor relationship between the two parties, *Miller v. Comm'r,* T.C. Memo. 1996-3 at *7, *aff'd*, 113 F.3d 1241 (9th Cir. 1997), characterized by "a real expectation of repayment and intent to enforce the collection of the indebtedness," *Estate of Van Anda v. Comm'r,* 12 T.C. 1158, 1162 (1949).

The Tax Court did not clearly err by determining that Mary's payments to Peter from 1985 through 1989 were loans because the circumstances indicate that a bona fide creditor-debtor relationship existed between them. Peter had been running his father's architecture practice since the early 1970s, but by the mid-1980s it was not current on its bills. Mary was familiar with fluctuations in the financial fortunes of the practice, having frequently loaned money to her husband to support it. These loans from Mary to her husband were always repaid. It is reasonable to conclude that Mary expected Peter to use the payments to make a success of the practice as

2                                                                    22-70192

his father had done in the past and repay her once the practice regained solvency. It was thus reasonable for the Tax Court to conclude that Mary had a real expectation of repayment, and that the payments from 1985 through 1989 were loans. *See Van Anda,* 12 T.C. at 1162.

Unlike the payments from 1985 through 1989, the payments after 1990 were made under different circumstances. First, unlike the early years of Mary's payments to Peter, there is no evidence that Peter made any repayments during this period. Second, in late 1989, Peter was specifically excluded from Mary's personal trust. And third, Peter signed an agreement acknowledging that "he has neither the assets, nor the earning capacity" to make repayments. It was reasonable for the Tax Court to conclude that there was no bona fide creditor-debtor relationship between Mary and Peter during this period, and accordingly that the payments from 1990 through 2007 were gifts.[1]

The Tax Court did not clearly err by calculating an estate tax deficiency based

---

[1] The Estate claims that Mary's personal trust has no tax-reporting or payment responsibilities with respect to the payments from Mary to Peter that are classified as gifts, since the gifts were made by Mary, not the trust. We disagree. A foundational principle in estate law is that a decedent's liabilities become part of her estate after death. *See* George G. Bogert, *The Law of Trusts and Trustees* 2 § 12 (2024) (noting that the executor pays the decedent's debts out of the estate). Indeed, estate tax is imposed not on the decedent herself, but on the transfer of her taxable estate. 26 U.S.C. § 2001(a); *see also id.* § 2002 (noting that the estate tax "shall be paid by the executor [of the *estate*]") (emphasis added). Mary's trust is not a separate taxpayer from Mary for purposes of the estate tax.

on a finding that Mary's payments to Peter from 1985 through 1989 were loans, but that the payments from 1990 through 2007 were gifts.

2. The Tax Court also concluded that the Estate was not entitled to recover administrative and litigation costs. One of the requirements to recover these costs is that the Commissioner's position was not "substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). We agree with the Tax Court's conclusion that the Commissioner's position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner asserted two theories: that the payments from Mary to Peter were either loans or gifts. The Estate proposes that we construe the Commissioner's position as limited to a finding that either *all* of Mary's transfers were loans or *all* of Mary's transfers were gifts, and asserts the Commissioner's position was not substantially justified because the Tax Court did not make either finding.[2] But the Estate's proposed construction of the Commissioner's arguments is unduly restrictive and inconsistent with a plain reading. Every payment fell under the two alternative theories that the Commissioner articulated in the notice of

---

[2] The Estate argues that the Tax Court did not decide the case presented because it negated both of Commissioner's theories. This argument is without merit because the Tax Court's authority is not bound by what is asserted in the pleadings. Once the Estate petitioned the Tax Court to determine the asserted deficiency, the Tax Court acquired jurisdiction and the "undisputed authority to decide all issues related to tax liability for a particular year." *Fayeghi*, 211 F.3d at 509 (emphasis removed).

deficiency. The Commissioner's position was substantially justified,[3] and the Tax Court did not abuse its discretion by denying administrative and litigation costs.

3. The Estate filed a motion for judicial notice of documents related to the summary judgment and consolidation of related gift-tax cases at Case Nos. 5527-15 and 5867-15, which the Commissioner did not oppose. A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, both parties refer to the consolidated gift-tax cases in their briefs, and neither party disputes that the Tax Court dismissed the gift-tax cases for lack of jurisdiction. Accordingly, we grant the motion.

**AFFIRMED.**

---

[3] The Estate also argues that classification of the payments as gifts or loans is "an idle exercise." But its argument is merely a regurgitation of its proposed construction for the Commissioner's position: that it should be limited to a finding that *all* of Mary's payments to Peter were either loans or gifts. We reject this argument.